JUDGE LINDSAY
delivered the opinion oe the court.
This action was brought by Rogers against the Richmond and Lexington Turnpike Company to recover rent for the use and occupation of a house and lot during the year 1866. The petition does not allege an agreement upon the part of said company to pay rent for the premises in question. From the evidence it appears that the appellant acquired possession of the lot of land in 1837, under some kind of an oral contract; that it caused buildings to be erected thereon and a portion of the lot to be inclosed; and that it has controlled and used the same since that date, claiming to be the owner thereof.
R. C. Rogers, the principal witness of the appellee, made the contract with the company, and procured the toll-house to be located upon the lands now owned by appellee, for the purpose of subserving the convenience and interest of the owner of such land. He says that he “ was to give the company a lot of land for the location of a gate-house and garden,” upon the condition that the owner of the land and his family *534 should have the right to travel the road free of toll. The evidence as to whether or not appellee was to have the right to travel the entire road free of charge, or only to pass through gate No. 3, is conflicting • but the settlement of that question is not material so far as this appeal is concerned.
As this action is not brought to enforce an express contract for the payment of rent, it can be maintained only upon the hypothesis that the company by refusing to permit Rogers to use its road free of charge forfeited the right longer to hold the premises in question, and became by operation of law his tenant. If such be the case, the law will imply a promise upon the part of the company to pay a reasonable compensation for the use and occupation of the premises. But it is well settled that an action of assumpsit for use and occupation of land can not be maintained where the relation of landlord and tenant has never existed. No such relation does exist where the party against whom the rent is claimed entered as a purchaser. “When,a man holds and cultivates land as a purchaser, he holds and cultivates it as his own and not as the land of his vendor, and the law does not imply a promise to pay rent. And when the chancellor, upon a rescission of a contract for the sale and purchase of land, directs an account to be taken of rents and improvements, it is not upon the principle of an implied promise from one of the parties to the other to pay for rent or improvements, but upon a principle of equity that neither party shall be enriched at the loss of the other, and that the parties should be placed in statu quo.” (Rogers v. Wiggs, 12 B. Mon. 504.)
It is insisted, however, that the company did not enter as a purchaser, and that the oral contract made by said company and R. C. Rogers did not amount to a contract of sale and purchase. Without expressing or even indicating an opinion as to the weight of evidence on this question, it is sufficient to say that there is some proof in the record conducing to estab *535 lish a verbal contract of purchase by the company, and the jury should have «been permitted by the court to pass upon the sufficiency of the same. If there was a verbal contract of sale, and the company has not acquired a perfect title to the premises by limitation, Rogers may avoid such contract, and compel a rescission upon equitable terms. Upon the other hand, if the company holds under an oral contract of purchase, and by refusing to comply with its conditions has forfeited its equitable rights growing out of the same, or if it accepted the deed Rogers claims to have made and executed in 1856, and by the violation of the stipulations therein contained has caused the title to the property to revert, he may maintain an action to recover the possession, and in that or a subsequent action may recover for mesne profits. But if the company did enter as a purchaser, whether under a written or verbal contract, its refusal to comply with the conditions or terms of its purchase can not have the legal effect of converting its holding as purchaser into a tenancy. Unless the relationship of landlord and tenant existed at some period between the parties, there can be no implied promise to pay rent; and without the existence of such promise, either. express or implied, the plaintiff can not maintain his action at law, and recover therein rent for the use and oeeupation of his land.
We do not conceive that this rule of the common law, founded upon justice as well as reason, was abolished in Kentucky by the adoption of the Civil Code of Practice. It has been held by this court that the Code makes no change in the law which determines what facts constitute a cause of action. (Hill v. Barret, 14 B. Mon. 85.) Forms have been abolished, but the substance of the common law rules of legal procedure x’emains, except where they conflict with the spirit of oxxr statutory regulations upon the subject of pleading and practice.
We are of opinion that the court erred in refusing instructioxx No. 1, as asked by appellant. Said instruction correctly *536 defined the law of this case in the event the jury believed from the evidence that appellant entered, upon the land in question as a purchaser, and claimed to be the owner thereof. And for this error the judgment is reversed, and the cause remanded for further proceedings consistent herewith.