*E. F. Dulin, for appellants.*
*Botts & Botts, for appellee.*

---

MINTA SIMMONS *v.* FANNIE HESSEY.

EDWARD HESSEY'S EXR. *v.* MINTA SIMMONS.

[Abstract Kentucky Law Reporter, Vol. 2—224.]

**Will—Conditional Legacy.**

Where by will a testator bequeaths to his servant the income from $800, to be received by her during her life provided she should remain with the testator and his wife and perform her duties in helping to care for them, such legacy is not relinquished because of the fact that after the death of the testator the servant left the widow and went to live with her children, at the request of the widow, who did not need her services, especially since the relation between the white and black races in this state is such that the mere expression by the widow of a desire that her servant (colored) should leave her house was equivalent to a command.

APPEALS FROM BULLITT CIRCUIT COURT.

February 10, 1881.

OPINION BY JUDGE COFER:

Edward Hessey by his will directed his executors, "as soon after the death of his wife as convenient, to set apart $800 for the benefit of Minta Simmons, a former slave of the testator, and to pay to her the proceeds therefrom semi-annually during her life, if she should do as she had agreed to do and remain with him and his wife, and discharge her duty; but if she should prove refractory and not perform what she had agreed to do, then the provision was to be void. He further provided that after the death of Minta the $800 bequeathed for her benefit should go to the appellee, Fannie Hessey, but should she not survive Minta, then it should go to the living children of William and Lizzie Hessey, if any, and if none then to said William and Lizzie.

The widow of the testator died in 1877; this suit was commenced by the guardian of Fannie Hessey against the surviving executor and Minta Simmons to recover the $800, on the ground that Minta had not complied with her agreement to remain with and serve the testator and his wife during their lives, but had voluntarily abandoned the widow soon after the death of the testator. Minta answered, alleging that she remained with the testator until his death, and afterwards until his widow gave her permission to go and live with her children, saying she did not want her to remain any longer, and that she had fully complied with her agreement and the provisions of the will until thus dismissed. She also alleged that she had remained with the testator and the widow under the agreement mentioned in the will; that she knew the provision had been made for her, and these three years' services were rendered in anticipation that she would be paid therefor from the income of the $800; and she asked in case she was held not entitled to the legacy that she should have judgment against the executor for $360, less $150 admitted to have been received from the testator and his widow in clothing and money. Her answer was made a cross-petition against the executor and the plaintiff, and she prayed judgment for the income from the $800, if entitled to it, and if not for the value of the services actually rendered in expectation of the legacy.

The executor failed to demur to or answer the cross-petition. The plaintiff answered, controverting her right to the legacy or compensation for her services, pleading the statute of limitations as to the

latter, but withdrew the plea at the hearing. The court decided that Minta was not entitled to the income from the $800, but gave her judgment against the executor for $210 for her services, and adjudged the $800 to the plaintiff. The executor appeals from the judgment in favor of Minta, and Minta appeals from the judgment awarding the $800 to the plaintiff. There is no complaint that Minta failed in any particular to comply with the terms of the will as long as she remained with the testator or his widow; and the evidence clearly shows that, if she did not leave by the positive direction of the widow, she left at her suggestion and in accordance with her wishes. Mrs. Ellaby, a niece of the testator's widow, who lived in the family at the time Minta left, says: "Aunt had no further use for her, and told her that she had no further use for her." "She had nothing for her to do." Again "Aunt said she had no use for her, and if she wanted to go to her children she could go." Minta testifies to substantially the same facts.

It appears there was a man claiming to be Minta's husband, but to whom she was never married, who was in the habit of visiting her very frequently, and that the widow made some objection to his coming, but it does not appear that she ever forbade his visits or that her desire that Minta should leave was occasioned to any extent by her objections to these visits. On the contrary, it appears that this man was in the habit of visiting her in the life-time of the testator, and that, while he also objected, he did not withdraw his bounty on that account. It likewise appears that both he, and the widow after his death, had the greatest confidence in their servant, and a kindly solicitude for her comfort and welfare.

The fact that she left the widow under these circumstances can not be regarded as a refusal on her part to perform her obligations under the agreement, or to comply with the provisions of the will. In view of the relation between the white and the black races in this state, and especially where the relation of master and slave has once existed between the parties, the expression by the widow of a desire that Minta should leave her house was equivalent to a command, and the right to the legacy ought not to be held to have been lost by her compliance with the evident wish of her old mistress.

The court should, therefore, instead of adjudging her compensation for her services, have directed an account to be taken of the income from the fund (allowing the executor a reasonable time after the death of the widow to collect it in and set it apart), and

have directed it to be paid over to her, and that the future income be paid to her half-yearly during her life.

Judgment *reversed,* and causes remanded for further proper proceedings.

E. Badger, for Simmons.

R. J. Meyler, for Hessey.