CASE 4—PETITION EQUITY—SEPTEMBER 17.

## Leppes, &c., v. Lee, &c.

APPEAL FROM BARREN CIRCUIT COURT.

1. DEVISE OF CONTINGENT INTEREST.—While a contingent interest may be conveyed or devised, yet if the grantor or devisor dies before it becomes effective, and no estate has ever vested in him, the grantee or devisee takes nothing.

2. CONTINGENT REMAINDERS are where the estate in remainder is limited to take effect, either to a dubious or uncertain person, or .upon a dubious or uncertain event; so that the particular estate may chance to be determined and the remainder never take effect.

3. WHERE TWO CONTINGENT REMAINDERS ARE CREATED, the one as a substitute or alternate for the other, the second remainder vests only when the first fails.

Leppes, &c., v. Lee, &c.

Under a devise by a testator to his widow for life, remainder.to her children should she marry again and leave children, and if not, then to the brothers and sisters of the testator and to the children of such as might be dead, the brothers and sisters of the testator took only a contingent remainder, and one of them having died before the life-tenant a devise by him of his interest ¬assed nothing to his devisee, as no interest had vested in him at th· time of his death. Therefore, upon the death of the life-tenant, the estate passed to the surviving brothers and sisters of the testator, the devisee of the deceased brother taking nothing.

W. L. PORTER FOR APPELLANT.

1. The widow of E. W. Lee took only a life estate under his will, the fee vesting on the death of the testator in his brothers and sisters, subject to be divested in the event the widow should die leaving child or children surviving her.

2. B. B. Lee took, under the will, the same estate that his brothers and sister took, which was an estate he had the power, under the statute, to devise. (Gen. Stats., chap. 113, sec. 2; Rev. Stats., chap. 106, sec. 2.)

R. B. DOHONEY FOR APPELLEE.

1. The estates secured by the will of E. W. Lee to the prospective children of his widow and his brothers and sister were remainders in fee and not merely executory devises. (Jarman on Wills, vol. 1, sec. 1 of chap. 26.)

2. The interest B. B. Lee took under the will of E. W. Lee was a prospective estate or contingent remainder which could not vest.until the death of the widow of E. W. Lee, and as she was still alive at the death of B. B. Lee he had no estate which he could devise. (Tiedeman on Real Property, part 2, chap. 12, sec. 415; Washburne on Real Property, vol. 2, chap. 4, sub-secs. 23 and 24 of sec. 3, side page 250; Sale v. Crutchfield, 8 Bush, 636; Gen. Stats., chap. 63, art. 1, secs. 7, 8 and 9.)

3. The widow of E. W. Lee did not buy the house and lot in controversy until long after B. B. Lee's death. At the date of his death the purchase price was personalty to which she certainly had the absolute fee-simple title under her husband's will.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The will of Eli W. Lee, who died childless, was probated in 1864.

It provides: "I give to my wife, Cynthia Ann, all my property, both real and personal, including all money or

Vol. 92—·2

evidences of money during her life, all which she may use and dispose of at her will and pleasure, except she shall not sell or otherwise dispose of my land or slaves, or either of them.

" *Second*. Should my wife again marry and by her second husband have a child or children who shall survive her, then, and in that event, her said children so surviving her shall have all of said property, both real and personal.

" *Third*. Should my said wife die without surviving children or child, then my said land and slaves, together with all other property hereby given to my wife, or the proceeds thereof not previously used by her, shall go to my brothers and sisters, Harrison Lee, B. B. Lee, Radford Lee and G. B. Lee, and my sister, Irene Johnson, wife of John Johnson, and should any of them die, then their interest shall go to the children of the one or ones so dead."

We have copied so much of the will as bears upon the question presented.

B. B. Lee died in 1870, having first devised his entire estate to his widow, the appellant, Augusta M. Leppes, who has again married. The life tenant, Cynthia Ann Lee, also again married but died without issue. She did not, however, die until long after the death of B. B. Lee.

While the first clause of the will gives the property to her only during her life, yet she is given an absolute power of disposal, save as to the land and slaves. The third clause provides, however, that all of the property or its proceeds remaining at her death shall then go to the testator's brothers and sisters, or, if any be dead, to the children of such one. The estate of the widow was,

therefore, limited as to the property of every kind left by her husband, that might be on hand at her death, to one for life.

In 1886 she purchased, with means of the estate, a lot of land, taking the title to herself. B. B. Lee had then been dead sixteen years. This action was brought by the brothers, sister and nephews and nieces of Eli W. Lee against her heirs to divert the title to them ; for a sale of the property upon the ground of indivisibility and a division of the proceeds. Her heirs admit the claim of the plaintiffs. The property has been sold under a consent decree entered in this action, and this controversy arises out of the fact that Mrs. Leppes, who was the widow of B. B. Lee, claims one-fifth of the proceeds to which he would clearly be entitled were he now alive.

This involves the question, whether, upon the death of the testator, Eli W. Lee, his brother, B. B. Lee, acquired a vested interest, subject to be defeated by the testator's widow marrying again and leaving issue, or whether his right was a mere contingent one, whereby no present interest passed and which never became effective by reason of his death without leaving children before the death of the widow of Eli W. Lee. The former is the appellants' and the latter the appellees' contention.

Blackstone says : " Contingent or executory remainders (whereby no present interest passes) are where the estate in remainder is limited to take effect, either to a dubious and uncertain person, or upon a dubious and uncertain event; so that the particular estate may chance to be determined, and the remainder never take effect." (1 Cooley's Bl. Comm., 3d Ed., *169.)

Clearly, the testator intended that none of the estate

should pass to his brothers and sister, or their children if any were dead, if his widow married again and left issue. He said so. Their right, therefore, depended upon whether the widow should again marry, and die leaving issue. No present interest passed to them and whether any right in them would ever become effective depended upon an uncertain event. There was a possibility of the widow marrying and leaving issue, whereby the limitation over to them would be void. It was, as to them, a mere executory remainder, or prospective estate. If the widow married and left issue they were to take; if not, *then* the brothers and sister were to take, the children of any that might be dead taking the parent's share.

Two contingent remainders were created, the one as a substitute or alternate for the other. A remainder could not be limited after a fee; but the estate could be so devised that the remainder in fee should pass to the one or the other of two persons, but one of them to vest, depending upon the happening or not happening of a certain contingency. In such a case the second one vests only when the first fails. (Tiedeman on Real Property, part 2, chap. 12, sec. 415; Washburne on Real Property, vol. 2, chap. 4, sec. 3, sub-sec. 23.)

In the following sub-section the last author says: " From these examples it would seem to follow almost as a corollary that if there is a contingent remainder limited in fee no after limitation dependent upon it can be a vested one. Thus, though T. B. were alive, ready and capable of taking, except so far as his capacity depended on A's dying without issue, yet his remainder could not be otherwise than contingent while A lived, for so long as he lived there was a possibility of A's having issue,

and thereby rendering the limitation to T. B. void by the first remainder absorbing the entire fee."

Our statute gives the right to a person to dispose by will of any estate to which he may be entitled at his death, and which would otherwise descend to his heirs or pass to his personal representatives.

If B. B. Lee had devised this contingent interest by a will executed in the lifetime of the widow of Eli W. Lee but the interest had vested in him before his death by reason of her dying without issue, then it would have been effective and passed the estate. It does not clearly appear whether B. B. Lee died childless or not; but from all that is shown we presume this to be the fact.

But while a contingent interest may be conveyed or devised (White's Trustee v. White, &c., 86 Ky., 602), yet if the grantor or devisor dies before it becomes effective, and no estate has ever vested in him, the grantee or devisee takes nothing. No right having ever vested in the devisor or grantor nothing passes. It is merely a devise or grant that may become effective if the devise to him becomes so; and this never having taken place in this case, it results that the appellant has no right to any part of the estate in contest.

Judgment affirmed.