CASE 113—PETITION EQUITY—FEBRUARY 27.

## Bryant's Adm'r v. Dungan.

APPEAL FROM PULASKI CIRCUIT COURT.

WHERE ONE TAKES AN ESTATE UNDER A WILL UPON A CONDITION SUBSE-QUENT his failure to comply with the condition, without fault on his part, does not divest him of title.

A testator after devising a tract of land to his wife devised the same land to their grandson "to go to him" at the death of his grandmother "upon the condition that he stays with her and supports her until her death, then he is to have her part of said farm and homestead, otherwise to be void if he shall fail to perform my will." *Held*—That the grandson took a vested remainder upon a condition subsequent, and as his grandmother refused to live with him or to allow him to support and care for her, his failure to do so did not operate as a forfeiture of his estate.

O. H. WADDLE FOR APPELLANTS.

As the support and care of Mrs. Bryant was a condition precedent to the vesting of the estate, and that condition was never performed, the estate never vested. (Irvine v. Irvine, &c., 12 Ky. Law Rep., 827.)

WILL C. CURD FOR APPELLEE.

1. Appellee took the interest he claims under the will upon a condition subsequent, the performance of which was not essential to the vesting of the estate. (Berry v. Headington, 3 J. J. Mar., 319; Myers v. Daviess, 10 B. M., 397; Kent, vol. 4. pp. 202–3.)

2. Even if appellee failed to perform the conditions of the will, though precedent, the devise is not forfeited, there being no remainder over. (Pearcy, &c., v. Greenwell, &c., 4 Ky. Law Rep., 587.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

Wm. Bryant, in a codicil to his will, gave his wife one hundred acres of land to be taken from the homestead place. The appellee, his grandson, who was living with him, and whom he had raised, is provided for in the codicil as follows: "The remainder of said farm to be sold and divided as in my former will, except E. L. Dungan, who I will and divise the above one hundred acres of land willed to my wife, Sarah, to go to my grandson, E. L. Dungan, at the death of his grandma, Sarah Bryant, upon the condition that he stays with her and supports her and cares for her until her death, then he is to have her part of said farm and homestead; otherwise to be void if he shall fail to perform my will."

The testator having died, his wife renounced the provisions of the will in her favor, and, notwithstanding the appellee was ready, willing and proffered to comply with the conditions of the will, and who was no wise in fault or remiss in his treatment of his grandmother, she refused to live with him on the place, and to allow him to support and care for her; but she went to live with one of her daughters, with whom she is now living.

The appellants contend that, the conditions of the will requiring the appellee to live with his grandmother and support and care for her, were conditions preceding the investiture of title to the one hundred acres of land in him; and the precedent condition not having been complied with, though without fault on his part, no estate passed to him. On the other hand, the appellee contends that his title was that of a vested remainder, and the support, care, etc., required of him by the will, were conditions subsequent, a failure to comply with which, would

not operate as a forfeiture of his remainder interest, unless such failure was the result of his fault. The language of the will is : " Except E. L. Dungan, who I will and devise the above one hundred acres of land willed to my wife, Sarah." The language quoted clearly conveys to the appellee an immediate title to the one hundred acres of land, which, taken in connection with the life estate devised to his grandmother, is a vested remainder. And the subsequent expression : " To go to my grandson, E. L. Dungan, at the death of his grandmother, Sarah Bryant, then he is to have her part of said farm and homestead," evidently relate to the time that the appellee was to enjoy the estate. The will also provides : " otherwise to be void if he shall fail to perform my will."

If the conditions mentioned in the will were conditions precedent, the last clause quoted would be unnecessary; but the devisor evidently understood that he had devised to the appellee a vested remainder, and he meant by the clause to make the devise void if he failed to comply with the conditions. From what has been said, it is evident the appellee took a vested remainder; and the conditions imposed were conditions subsequent; and it follows that the non-compliance with those conditions did not divest him of his estate, unless the non-compliance was the result of his fault, which was not the case here, because he was ready and willing to comply, and proffered to comply but his grandmother refused.

The case of Irvine v. Irvine, 12 Ky. Law Reporter, 827, is not like this case. In that case no title passed to the devisee until the death of the life tenant, and then the title did not pass, unless the devisee had complied with certain

conditions. But here, as said, there was a vested remainder, and the conditions were conditions subsequent. The judgment is affirmed.