CASE 42.—ACTION BY JOSIE LOW AGAINST CHARLIE RAM-
SEY AND OTHERS.—November 10, 1909.

## Low v. Ramsey, &c.

Appeal from Garrard Circuit Court.

W. C. Bell, Circuit Judge.

Judgment for defendants, plaintiff appeals.—Affirmed.

1.   Wills—Charge on Devise—Care of Children—Lien on Land.—
     A provision in a will, charging a son to whom all the property was given with the duty of caring for two younger children ·of the testatrix till they reached a certain age, created a lien on the land in their favor for this purpose.
2.   Wills—Liabilities of Purchaser from Devisee.—A purchaser from a devisee is charged with notice of provisions of the recorded will, and holds the land subject to the liabilities imposed on the devisee.
3.   Wills—Construction—Vesting of Devise—Condition Precedent or Subsequent.—A provision in a will imposing on a son to whom all the property was given, the duty of supporting and caring for other children of the testatrix, was neither a condition precedent to the vesting of a devise in him, nor a condition subsequent, which by failure to perform would forfeit the estate.
4.   Limitation of Actions—Accrual of Cause of Action—Infant's Rights Under Will.—Where an infant was entitled under the terms of a will to support and maintenance by a devisee, till she reached the age of 15, her cause of action .thereunder to enforce a lien on the land first accrued when the devisee failed to furnish her support, and her full cause of action was protected when she reached that age.
5.   Limitation of Actions—Computation of Period—Effect of Infant's Disability.—One who was an infant when a right of action accrued had the same length of time to sue after becoming of age that she would have had had she been of age when the cause of action accrued; Ky. St. Sec. 2525, expressly providing as to infants entitled to sue that action may be

brought within a like number of years after removal of their disability that is allowed to a person having no such impediment.

6. Limitation of Actions—Limitations Applicable—Action on Contract Not in Writing.—An action to enforce an undertaking to support a minor assumed by one accepting property under a will providing therefor is governed by the five-year limitation of Ky. St. Sec. 2515, as to actions on contracts not in writing, and the mere fact that the acceptance of the devise charged the property with the liability undertaken by him does not extend the time.

7. Limitation of Actions—Pleading—Demurrer Raising Defense. —The statute of limitations must be pleaded, unless the petition shows not only a sufficient lapse of time, but non existence of any ground of avoidance; but when the petition shows that the action is barred, and that plaintiff is not within any exception contained in the statute which saved his right to sue, the question may be raised by demurrer.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Mrs. Mary L. Low died, after making her last will, which was probated in January, 1888. By this will the testatrix gave her son, Wiatt Low, all of her personal and real estate, declaring that he should pay $1.00 to each of her children, viz., Mary E. Jordan, Harry, Josie, Aaron, Elgie, and Samuel. The balance of her estate, both real and personal, she devised and bequeathed to him "with the understanding that he is to take and raise my children Harry and Josie until they are 15 years old." At the time the testatrix died, Josie Low was between seven and eight years old. Shortly after the probate of the will Wiatt Low sold the real estate devised to him to James Ramsey, and moved out of the state, taking with him Harry Low. Ramsey remained in possession of the land from the time he bought it from Wiatt until his death in 1908, when it descend-

ed to his widow and children, the appellees herein,
In 1908 Josie brought this suit against the Ramsey
heirs, charging that Wiatt Low immediately after
the death of the testatrix abandoned her, and did not
at any time provide her with food, clothing, money,
or property of any sort.  She alleged that she was
entitled to a lien on the land for the reasonable cost
of her care and support from the time of her mother's
death until she became 15 years of age, and that the
reasonable cost of caring for and supporting her dur-
ing this period would be $1000.She further alleged that
when Ramsey bought the land from Wiatt he had ac-
tual and constructive knowledge of the contents of
the will.  She asked that she be adjudged the lien
on the land, and that it be subjected to the payment
of her demand of $1,000.  The lower court sustained
a general demurrer to her petition as amended, and,
declining to plead further, her action was dismissed,
and she appeals.

In our opinion the provision in the will charging
Wiatt Low with the duty of caring for Josie and
Harry until  they were  15  years old  created  a
lien upon the land in their favor and for this pur-
pose, and as the will was put to record the vendee
of Wiatt was charged with notice of its provisions
and held it subject to the liabilities imposed upon
Wiatt.

It is insisted by counsel for appellant that the pro-
visions in the will imposing upon Wiatt the duty of
supporting and caring for these children was either
a condition precedent to the vesting of the devise in
him, or a condition subsequent, that by his failure
to perform forfeited the estate; but in this view we
do not agree.  Giving to the provision in the will the

same effect that was given to similar provisions in the wills construed in the cases of Pearcy v. Grenwell, 80 Ky. 616, 4 R. 587 and Bryant v. Dungan, 92 Ky. 627, 18 S. W. 636, 13 R. 841, 36 Am. St. Rep. 618, we hold, as did the court in Pearcy v. Grenwell, that Wiatt took the estate subject to the charge upon it in favor of Harry and Josie.

Assuming then that it was the duty of Wiatt to support and care for these beneficiaries,.the question remains whether or not the appellant has not surrendered her claim by the long delay before attempting to enforce it.  Her cause of action first accrued when Wiatt failed to furnish her support, and her full cause of action was perfected when she became 15 years of age.  She might then, under the facts stated in the petition, have recovered everything that was due her under the will; but, as she was an infant when her right accrued, she had the same length of time after becoming of age to bring the suit that she would have if she had been of age when her cause of action accrued—section 2525 of the Kentucky Statutes, reading: "If a person entitled to bring any of the actions mentioned in the third article of this chapter, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant, * * * the action may be brought within the like number of years after the removal of such disability,    * *    * that is allowed to a person having no such impediment to bring the same after the right accrued."

The next question is:  How many years did she have after becoming of age to bring the action?  Section 2515 of the Kentucky Statutes provides in part that "an action upon a contract not in writing signed by the party   *   *   *   shall be commenced within

five years next after the cause of action accrued,''
and we have no question that this statute applies.
The contract attempted to be enforced was not signed
by Wiatt.  He merely accepted the provisions of a
will that imposed upon him an obligation.  The un-
dertaking to support and care for appellant was as-
sumed by Wiatt as a personal obligation when he
took the devise, and the mere fact that the acceptance
of the devise charged the property with the lia-
bility undertaken by him does not have the effect
of extending the time in which an action to enforce
it may be brought beyond five years.  This point was
adjudged in Collings v. Collings, 92 S. W., 577, 29
Ky. Law Rep. 51.  In that case Elisha Collings con-
veyed to his daughter certain lands in consideration
of her agreeing to pay specified debts then owing by
Collings.  In the course of the opinion the court said:
''While it is true the deed imposed on the grantee
the payment of the debts named in it, which became
thereby a lien on the land in favor of the respective
creditors to whom owing, it was an express assump-
sit, barred by limitation after five years, so far as
the grantee was concerned, although as between the
original debtor, Elisha Collings, and his creditors,
the debts may not have been barred.  When the debts
became outlawed, so far as they affected the grantee,
the lien was likewise discharged.  It was not compe-
tent for Elisha Collings and his creditors by any sub-
sequent agreement between themselves to prolong
the lives of these debts so as to affect Mrs. Alloway,
the grantee of the land without her consent.''

As the claim of appellant is barred by the statute,
can this defense be presented by a general demur-
rer?  The rule is that the statute of limitations must

be pleaded, unless the petition shows not only a sufficient lapse of time but the non-existence of any ground of avoidance; but when the petition shows that the action is barred, and that plaintiff is not within any of the exceptions contained in the statute which saved his right to sue, the question may be raised by demurrer. Stillway v. Leavy, 84 Ky. 379, 1 S. W. 590, 8. Ky. Law Rep. 321. The only relief sought is the subjection of the land in the hands of the appellees to the payment of appellant's claim. There is no averment that the appellees in any manner or form assumed the payment of appellant's claim or any part of it. The petition does not seek any relief against the appellees personally, and so it follows that she could not be entitled to any of the exceptions contained in the statute of limitations that would save it from running against her. Under these circumstances we think the question that the claim was barred by limitation could be raised by demurrer.

Wherefore the judgment of the lower court is affirmed.