### Grubbs, Ex'r, et al. v. Grubbs, Ex'r, et al.

(Decided January 21, 1921.)

### Appeal from Allen Circuit Court.

1. Wills—Remainders.—A devise of land to the son of testatrix created in him a vested estate in remainder notwithstanding a provision in the will that the devisee should care for and maintain his parents during their lifetime, there being no devise or limitation over in the event of failure on the son's part to make the requisite provision.

2. Wills—Remainders.—In cases of doubt it will be presumed that testatrix intended to devise an absolute rather than a qualified estate and since the law favors the vesting of estates, no remainder will be construed as contingent which may, consistently with the intention of testatrix, be deemed vested.

3. Wills—Failure to Perform Condition.—Where there is no devise or limitation over to take effect upon the failure of performance

of an annexed condition the failure to perform the condition, though precedent, will not work a forfeiture of the devise, such condition being construed to be a subsequent condition.

BRADBURN & HARLEN and OLIVER & DIXON for appellants.

SIMS, RODES & SIMS and NOEL F. HARPER for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

Elizabeth Grubbs died testate in 1906. To her husband she made an absolute gift of her personalty and also a life estate in her real estate. The will contains these further provisions:

"Fourth, at the death of my said husband, should I survive *him*, I give to my son, W. C. Grubbs one-half of all my real estate the same to commence (then follows description) and I also will my son W. C. Grubbs one-half interest in wood land bought from the Grider heirs.

"Fifth, provided that my son W. C. Grubbs, shall live with me and my husband, John W. Grubbs, during our lives and shall take care and provide means of support for us during our lives.

"Sixth, I will and bequeath to my other children not mentioned the remainder of my real estate provided they shall pay or cause to be paid the remainder of a $200.00 note owing by my husband to Fanny M. Watts and that they pay to John L. Grubbs the sum of $100.00 and in case they should fail or refuse to pay the aforesaid sums, then, I will and bequeath to my son W. C. Grubbs the whole of my real estate."

John W. Grubbs, husband of testatrix, nominated as executor of said will, duly qualified and is still acting as such.

W. C. Grubbs died in 1919 having devised his estate to his brother, John L. Grubbs, who was named executor of his will and to whom was committed the trust imposed on W. C. Grubbs under the provisions of his mother's will.

The petition sought a construction of the will of Elizabeth Grubbs, the question for our decision being the character of the estate devised to W. C. Grubbs.

In the opinion of the chancellor, the fifth item of the will of Elizabeth Grubbs created a condition precedent to the taking of any interest in decedent's estate on the part of W. C. Grubbs under the fourth item, and said

condition not having been fulfilled and being impossible
of fufillment on account of the death of W. C. Grubbs,
testatrix died intestate as to that portion of her real
estate mentioned in the fourth item.

It is contended by appellant, plaintiff below, that by
the fourth item, W. C. Grubbs took a vested estate in re-
mainder in the land mentioned and this is the view we
take of the matter.

"Vested remainders (or remainders executed, where-
by a present interest passes to the party, though to be
enjoyed *in futuro*) are where the estate is invariably
fixed, to remain to a determinate person, after the par-
ticular estate is spent." 2 Bl. Com. 168.

As said in Fearne on Remainders, 216:

"The present capacity of taking effect in possession
if the possession were to become vacant, and not the
certainty that the possession will become vacant before
the estate limited in remainder determines, universally
distinguishes a vested remainder from one that is con-
tingent."

The law favors vested estates and no remainder will
be construed as contingent which may, consistently with
the intention of testatrix, be deemed vested. 4 Kent
Com. 203.

In cases of doubt as to the quantity of the estate de-
vised, and whether vested or contingent, the general
rule is that the creator of the estate intended it as an
absolute rather than a qualified estate.

Here we have the certain event (the husband's death),
an ascertained person and the present capacity of tak-
ing effect in possession immediately on the determina-
tion of the precedent estate, hence it would seem the
clause in question contains those elements necessary to
create a vested remainder.

In the sixth item it is provided that in the event the
children other than W. C. Grubbs, failed or refused to
pay the $300.00 mentioned in said item, the entire estate
would go to W. C. Grubbs. Not only is this language
indicative of a prior, absolute devise of one-half of the
real estate free of any conditions other than the life
interest of the husband, but the devise over, upon the
failure to pay the stated indebtedness, leads to the con-
clusion that testatrix had no such limitation or condi-
tion in mind in the devise to her son, W. C. Grubbs,

found in the fourth item. When there is no devise or limitation over to take effect upon the failure of performance of an annexed condition the failure to perform the condition though precedent does not work a forfeiture of the devise, such condition being construed to be a subsequent condition. Pearcy, etc. v. Greenwell, etc., 80 Ky. 616; Bryant's Admr. v. Dungan, 92 Ky. 627, 18 S. W. 636, 37 Am. St. Rep. 618; Low v. Ramsy, etc., 135 Ky. 333, 122 S. W. 167, 135 Am. St. Rep. 459. As an illustration of this principle, Irvine v. Irvine, 12 R. 827, 15 S. W. 511, may be cited. In the will under construction in that case it was provided that upon the failure of testator's son to care for his mother the latter was given absolute power to dispose of property which the son would have received had he complied with the conditions in the will. These provisions were held to be conditions precedent to the vesting of the estate in the son.

In the instant case there is no disposition of the estate in the event of W. C. Grubbs' failure to make the proper provision for his parents, from which it seems impossible, the other parts of the will considered, to escape the conclusion that W. C. Grubbs took a vested estate in remainder in the land mentioned, subject however to a charge or lien for the value of the care and maintenance contemplated, to the extent that he failed to so provide for either or both of his parents.

In 40 Cyc. 1711, the text reads:

"Gifts conditioned on the beneficiary's rendering service or furnishing support and maintenance to another are valid and are ordinarily construed as dependent on a condition subsequent, unless the plain intent of the testator is to make the service or support a condition precedent."

Having received a vested remainder in the described land, W. C. Grubbs had the right to dispose of same by will subject to the intervening life estate of his father, J. W. Grubbs

For the reasons given the judgment will be reversed for further proceedings not inconsistent herewith.