### Grubbs v. Young.

(Decided May 30, 1924.)

### Appeal from Allen Circuit Court.

Work and Labor—Presumption that Member of Family Performs Services Gratuitously Held Not to Apply.—Where defendant by acceptance of land devised to him by his brother assumed burden of caring for father, and plaintiff's parents had agreed to perform

this service for him under contract and in consideration of use of entire farm rent free, there is no room for presumption, in action by plaintiff for services, that members of a family are presumed to render services to one another gratuitously.

OLIVER & DIXON for appellant.

HARPER & DENTON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Elizabeth Grubbs by her will devised a certain tract of land to her husband, J. W. Grubbs, for life, with remainder to her son, W. C. Grubbs, but upon condition that he "shall live with me and my husband, John W. Grubbs, during our lives and shall take care and provide means of support for us during our lives."

W. C. Grubbs faithfully performed the service during his mother's life and until a few months before his own death, which occurred about fourteen months before his father died. When he became ill and unable longer to stay with or care for his father, he procured his sister, Mrs. Tom Young, and her husband, to move into the house with and to care for his father, and he devised the land left him by his mother to his brother, the appellant, J. L. Grubbs, who took it, as we held in Grubbs v. Grubbs, 190 Ky. 258, 227 S. W. 272, "subject to a charge or lien for the value of the care and maintenance contemplated, to the extent that he failed to so provide for either or both of his parents."

When Mr. and Mrs. Young moved upon the land and into the house of J. W. Grubbs, their 22-year-old daughter, the appellee, Elizabeth Young, accompanied them and lived with them until his death. During the last few months of his life he was a great care. He was quite old and very feeble, both mentally and physically. He had a cancer on his neck and a gangrenous sore on one of his legs that required constant attention, and from which the discharges were very offensive. Practically all of the service of nursing him was performed by his granddaughter, the appellee, who, after his death, brought this suit against J. L. Grubbs to recover therefor, and from a judgment for $1,000.00 in her favor, with a lien upon the land devised to him to secure same, this appeal is prosecuted.

No question is or could be made as to the amount of the judgment, but it is insisted that appellee cannot recover anything because she did not have an express contract for pay for her services, and in support of this con-

tention we are referred to the long line of cases holding that members of a family are presumed to render service to one another gratuitously, and that no recovery can be had therefor in the absence of an express contract, and of which Bolling v. Bolling's Admr., 146 Ky. 313, 142 S. W. 387, and Allen v. Allen, 158 Ky. 759, 166 S. W. 211, are examples.

But this case is not of that character. Appellant, by acceptance of the land devised to him by his brother, W. C. Grubbs, assumed the burden of caring for his father, not gratuitously but for pay, and even according to his contention, appellee's parents had agreed to perform this service for him under a contract, and in consideration of the use of the entire farm rent free.

There is, therefore, no room for the presumption upon which the doctrine of the above cases is rested, that the Youngs and J. W. Grubbs were living together as one family for their mutual convenience, and that appellee, as a member of such family, performed the services gratuitously for her grandfather.

Hence it is clear that the doctrine of the above cases is not applicable here.

Upon the issue as to whether appellee's parents were bound by their rental contract with appellant to perform for him the services performed by appellee, and for which she sues, the lower court found for appellee, as in our judgment the evidence fully warranted.

There can then be no presumption that appellee performed these services for her parents, or that she performed them gratuitously for any one. Appellant was bound to furnish the services, and having allowed appellee to perform them for him, he at least impliedly agreed to pay her therefor, if indeed he did not actually do so, and the court did not err in so adjudging.

Judgment affirmed.