## Boggess v. Crail.

(Decided March 20, 1928.)

# Appeal from Muhlenberg Circuit Court.

1. Wills.—In determining right of devisee as remainderman in property devised after having attained majority, question whether devise of remainder interest made conditional upon devisee's remaining with and caring for testator's wife until he reached majority was subject to condition subsequent or condition precedent held immaterial.

2. Wills.—An estate granted on condition of the performance of future duties will not be defeated by anything less than refusal or failure of grantee to perform the duties, and nonperformance as result of conditions over which grantee has no control will not defeat grant.

3. Wills.—Right of devisee to remainder interest in testator's estate given under will, on condition that devisee should "remain and live with and take care of" testator and his wife, or the survivor of them, until he reached majority, held not defeated by devisee's failure to remain with widow after testator's death, where he was at that time only a child, and widow, against his will, refused to keep him and placed him elsewhere.

4. Life Estates.—Owner of an estate for life, though in possession under a deed which purports to grant the fee, may not hold adversely to remainderman, and statute of limitations (Ky. Stats., 1922, sec. 2505) does not begin to run against remainderman until death of life tenant.

5. Deeds.—Two contingent remainders may be created in deed or will, with one as substitute or alternate for the other.

6. Remainders.—Deed of contingent remainderman, purporting to convey all his interest in land, passed nothing to his grantee, where remainder interest never vested.

7. Life Estates.—Limitations are available against remainderman before death of life tenant only in cases where an ineffectual attempt has been made to convey the remainder interest, and the vendee is thereby clothed with the right to claim the remainder interest through the remainderman or persons in privity with him.

8. Life Estates.—Right of remainderman, whose interest became vested, held not barred by limitation on account of adverse possession of one holding life estate under deed from original life tenant, and claiming remainder interest under deed from another contingent remainderman whose estate never vested.

9. Quieting Title.—Devisee of remainder interest under will, which made vesting of estate conditional and gave alternate conditional remainder to another, held entitled to have title quieted in him, as against claim of other contingent remainderman, where condi-

tion attached to vesting of estate was sufficiently complied with, notwithstanding intervening life estate still continued.

HUBERT MEREDITH, RUMSEY BOGGESS, LUKE TEAGUE and S. Y. TRIMBLE for appellant.

BELCHER & BELCHER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Shannon Crail was an orphan boy living with Lewis McCown and Emma McCown, his wife, who had no children of their own.

In 1876, when the boy was about 3 years old, Mc-Cown executed a will, and by the second item thereof provided:

"I do, saving and exempting the land and legacy mentioned and bequeathed herein in the third item thereof, give and bequeath to my beloved wife, Emma McCown, all and singular my whole and entire estate, consisting of lands, personal property, cash, notes, choses in action, bonds, bills, etc., to have and to hold and to enjoy during the term of her natural life, and at her death to go to Shannon Crail provided the said Shannon Crail shall and does remain and live with and take care of me and my said wife, or the surviving one of us, until we both shall depart this life or until he shall arrive at the age of twenty-one years, and in the event the said Shannon Crail shall die before I and my said wife do, or shall for any cause fail or refuse to remain with and care for us, or the surviving one of us, until he shall obtain to the full age of twenty-one years; thence I direct that all and singular my estate and property etc., herein bequeathed to my said wife during her natural life, shall at her death go to my brother, James McCown, as my heir and devisee, and sole legatee save as excepted in item third of this will."

Lewis McCown died in January, 1884, and his will was then admitted to probate. The widow, Emma McCown, desired to return to Todd county, where she was reared and where her people resided. She did not wish to keep the boy, and took him to the county seat to consult with the county judge concerning his custody. She then learned of the will, and returned to the farm

with the boy. After remaining there about a year, she resolved to carry out her original purpose, and arranged for the boy to be placed with his uncle.

Shannon Crail never knew his natural parents, but regarded Mr. and Mrs. McCown as his own father and mother. He was deeply affected by the separation of himself and Mrs. McCown, and begged her to keep him. In a short time the widow married John W. Casebier, who lived about 20 years, and after his death, she married John D. Casebier. Mrs. Casebier is still living and her life estate in the land still endures.

Shannon Crail became 21 years of age in 1894 or 1895. On August 22, 1902, the appellant, F. Y. Boggess, acquired the life estate of Mrs. Casebier in said lands, and on October 23, 1902, took a deed from James M. McCown and wife, purporting only to convey all the right, title, and interest of said McCown in the same lands, subject to the life estate of Emma Casebier, formerly Emma McCown. Boggess has since been in possession of the property.

He instituted this action in the Muhlenberg circuit court against Shannon Crail and others, for the purpose of quieting his alleged title to the property and being adjudged the owner thereof in fee. Crail filed an answer, set-off, and counterclaim, denying the allegations of the petition, pleading the terms of the will of Lewis McCown, and averring that when he was only 10 or 11 years old Mrs. McCown, over his objections and much to his distress, left him helpless and placed him with other people to live. He asserted that, by reason of the will of McCown, and his compliance with the terms thereof, he was the owner of the remainder interest in the lands. By the allegations of his counterclaim, he sought to quiet his title to the remainder interest and to be adjudged the right to possession of the land at the death of the life tenant. Boggess, by reply, denied the allegations of the answer, and affirmatively pleaded that Crail had forfeited his interest in the land before he became 21 years of age by becoming disobedient, refractory, unmanageable, and annoying to the widow to such an extent that she was unable to keep him and was compelled to place him with others. He further pleaded that, upon such forfeiture by Crail, the remainder interest in the lands vested by the will in James M. McCown, who had conveyed it to the plaintiff.

The chancellor entered a decree by which he dismissed the petition of the plaintiff and quieted the title of Crail as prayed in his counterclaim. Boggess has perfected an appeal to this court.

It is insisted that the devise of the remainder interest to Shannon Crail was on a condition precedent, and that he failed and refused to perform the condition, whereupon the alternative grant took effect and vested the title to the remainder interest in James M. McCown. On the other hand, it is urged that the title to the remainder interest vested in Crail on condition subsequent, and that his estate was not forfeited by his failing to live with Mrs. McCown, inasmuch as he was a mere child, under her absolute dominion and control, and required by her, against his wishes, to reside elsewhere.

It is apparent from the will of Lewis McCown that the interest devised to Crail would be defeated by his failing or refusing to remain with him and his wife, or the survivor, for the time fixed, or by his death before attaining to the age of 21 years; and, since Crail lived to be 21 years of age, it only remains to determine whether he failed or refused to reside with the surviving widow.

The case presents ample ground for interesting speculation as to when the estate granted by the will to Shannon Crail vested in him, and whether the condition specified was a condition precedent or a condition subsequent to the vesting of the estate; but the speculation is purely academic, since Shannon Crail is now past 21 years of age, and the only practical question presented to us is whether he was excluded from the benefits of the will prior to his arrival at 21 years of age. The essential question is not whether the condition was precedent or subsequent, but whether legal performance thereof is established, and that alone is the problem now presented. Fox v. Faulkner, 222 Ky. 587, 1 S. W. (2d) 1079.

It is settled by the cases that an estate granted on condition of the performance of future duties will not be defeated by anything less than the refusal or failure of the grantee to perform the duties. If nonperformance was not the fault of the grantee, but the result of conditions over which he had no control, the grant is not defeated. The evidence in this case shows that Crail was a mere child when McCown's death occurred and that the only reason he did not live with the widow of McCown was that she refused to keep him, and placed

him elsewhere. The finding of the chancellor in Crail's favor is in accordance with the weight of the evidence. In fact, the testimony is convincing that the separation of the widow from the child was entirely for her convenience and against the wish and perhaps the welfare of the infant. He was in her power, and had to obey her, and we concur with the chancellor that he did not thereby lose his estate, which was granted to him on a condition he did not fail or refuse to perform. Indeed, the widow testified that she had no thought of depriving Crail of his interest in the land at any time, and had no desire to do so now.

The finding of the chancellor likewise accords with the authorities on the question involved. Simmons v. Hessey, 2 Ky. Law Rep. 224, 11 Ky. Op. 40; Bryant's Adm'r v. Dungan, 92 Ky. 627, 18 S. W. 636, 36 Am. St. Rep. 618, 13 Ky. Law Rep. 841; Grubbs v. Grubbs, 190 Ky. 258, 227 S. W. 272; Irvine v. Irvine (Ky.) 15 S. W. 511, 12 Ky. Law Rep. 827.

In Irvine v. Irvine (Ky.) 15 S. W. 511, 12 Ky. Law Rep. 827, it was held that the grant there involved was upon a condition precedent, but it was further held that the grantee could not be deprived thereof if the failure of his parents to live with him became impractical or unreasonable, if he was ready, able, and willing to perform his obligation. The issue of fact in the case was as to whether the condition was performed, upon which the evidence was conflicting, and the court said:

> "The lower court considered all the evidence. The judge doubtless knew the witnesses. His conclusion is of course entitled to weight, and, after reading of the testimony, we do not feel at liberty to disturb his finding, upon the facts, that the appellant did not comply with the conditions upon which he was to have the property."

In the case of Bryant's Adm'r v. Dungan, 92 Ky. 627, 18 S. W. 636, 36 Am. St. Rep. 618, 13 Ky. Law Rep. 841, a grant required the grantee to stay with, support, and care for his grandmother until her death. It was held to be a condition subsequent, and failure to comply with the conditions without fault on the part of the devisee did not defeat his rights.

In Grubbs v. Grubbs, 190 Ky. 258, 227 S. W. 272, a will provided that a son should live with the testator and her husband during their lives and take care of and

provide means of support for them. The lower court held that the condition became impossible of performance and that no estate vested. This court reversed the judgment, and held that, when the performance of the condition became impossible without the fault of the grantee, the estate vested.

But it is insisted for the appellant that he has been in possession of the land since August, 1902, and that the right of Crail is barred by the statutes of limitation (Ky. Stats. 1922, sec. 2505).

Without pausing to consider the right of a plaintiff to rely upon limitation as against defenses interposed (Eastern Gulf Oil Co. v. Lovelace, 188 Ky. 238, 221 S. W. 544), it is apparent that the statute of limitations is not available to the appellant in this case. We have uniformly held that the owner of an estate for life, though he be in possession under a deed which purports to grant the fee, may not hold adversely to the remainderman, and the statute of limitations does not begin to run against the remainderman until the death of the life tenant. Fox v. Faulkner, 222 Ky. 588, 1 S. W. (2d) 1079; Russell v. Tipton, 193 Ky. 305, 235 S. W. 763; Jeffries v. Butler, 108 Ky. 531, 56 S. W. 979, 22 Ky. Law Rep. 226.

Appellant has no deed from Crail, or any one in privity with him, conveying his remainder right, or purporting to do so. His deed from the widow of McCown conveyed only her right, title, and interest under the will of Lewis McCown, which was a life estate. His deed from James M. McCown conveyed only his right, title, and interest, subject to the life estate of Emma Casebier. It is obvious, therefore, that the appellant is not in the position even of a life tenant holding under deeds which purport to grant the fee. His case rests entirely upon the claim that Crail's title failed for breach of condition before he was 21 years of age, and that upon such failure the alternative contingent remainder granted to James M. McCown became a vested remainder. It is true that two contingent remainders may be created with one as a substitute or alternate for another. Leppes v. Lee, 92 Ky. 16, 17 S. W. 146, 13 Ky. Law Rep. 317; Fulton v. Teager, 183 Ky. 381, 209 S. W. 535. But, as we have seen, the remainder interest here vested in Crail and James M. McCown never acquired any interest whatever in the land, and his attempt to convey it was nugatory; the grantee taking nothing.

In Leppes v. Lee, 92 Ky. 16    17 S. W. 146, 13 Ky. Law Rep. 317, it is said:

"But while a contingent interest may be conveyed or devised (White's Trustee v. White, etc., 86 Ky. 602 [7 S. W. 26, 9 Ky. Law Rep. 757]), yet, if the grantor or devisor dies before it becomes effective, and no estate has ever vested in him, the grantee or devisee takes nothing. No right having ever vested in the devisor or grantor, nothing passes. It is merely a devise or grant that may become effective if the devise to him becomes so; and, this never having taken place in this case, it results that the appellant has no right to any part of the estate in contest."

The appellant is not helped out in his claim of adverse possession by a deed from James M. McCown that conveyed nothing.

It is true, in some instances, that limitations may be available against a remainderman before the death of the life tenant, but the principle applies only in cases where an attempt, although ineffectual, is made to convey the remainder interest, and the vendee is thereby clothed with the right to claim the remainder interest through him, or those in privity with him. Rose v. Ware, 115 Ky. 430, 74 S. W. 188, 24 Ky. Law Rep. 2321; Medlock v. Suter, 80 Ky. 101; Mantle v. Beal, 82 Ky. 122; Bradley v. Burgess, 87 Ky. 648, 10 S. W. 5, 10 Ky. Law Rep. 701; Dotson v. Dotson, 172 Ky. 641, 189 S. W. 894.

But the principle of such cases, although perfectly sound, has no application here, because neither Shannon Crail, nor any one in privity with him, ever made any conveyance of the interest devised to him. The appellant makes no claim whatever to the remainder interest of Shannon Crail, as plainly he could not. His claim is that Shannon Crail had no interest, and his whole right to relief depended upon his maintaining that claim, which he failed to do.

The court was justified in quieting the title of Shannon Crail, on his counterclaim, against appellant's adverse claim to his remainder interest. Kellar v. Stanley, 86 Ky. 240, 5 S. W. 477, 9 Ky. Law Rep. 388; Simmons v. McKay, 5 Bush, 25; Shutts' Adm'r v. Shutt, 192 Ky. 105, 232 S. W. 405; Sparks v. Albin, 195 Ky. 52, 241 S. W. 321; Penn v. Rhoades, 124 Ky. 798, 100 S. W. 288, 30

Ky. Law Rep. 997; Duncan v. King, 163 Ky. 577, 174 S. W. 34.

The reasoning underlying the practice thus permitted is that the remainderman may be placed in condition to make the estate available to him when the time arrives that he may enjoy the use and possession thereof. It is allowed as a matter of right and justice, in order that adverse contentions may be concluded before the ravages of time have effaced the evidence, or placed a party at a disadvantage in proving his title.

Upon a consideration of the whole record, and the numerous and excellent briefs, the court is satisfied that the chancellor rightly disposed of this case in all respects.

The judgment is affirmed.