## Thornton et al. v. Black.

June 4, 1943.

James P. Hanrahan and Dulin Moss for appellants.

Allen Prewitt for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing in part and affirming in part.

Morrison Butcher, colored, who died in 1912, bequeathed his personal estate to his widow, Susan Butcher, outright and made this disposition of his real property situated in Frankfort, Kentucky, namely:

"Item 1st: It is my will that my beloved wife, Susan Butcher, shall have full possession of my house and lot on Third Street, and shall live in it without interruption for the balance of her life, and at her death it shall go to my two daughters, Henrietta Butcher and Louisa Standley to be shared by them equally.

"Item 2nd: In case my beloved wife, Susan Butcher, should marry again all rights given her under this will shall be forfeited.

"Item 3rd: It is my will and an expressed condition of the same that after my death the taxes, insurance and improvements on my aforesaid property shall be paid in equal installments by my daughters, Henrietta Butcher and Louisa Standley. I do not desire that my wife shall pay same but direct

that it be paid by my two aforementioned daughters."

The two daughters were by a former marriage. One of them died in 1920 and the other in 1929, each leaving one child as her heir. The widow, who never married, died August 28, 1940. She had paid all taxes, insurance premiums and the cost of maintaining the property to the time of her death. Her son by a former marriage, Vernie Black, as administrator of her estate and individually, brought this suit against the grandchildren of the testator seeking judgment against them for the amount expended through the 28 years by the widow and a lien on the property adjudicated to secure its payment. He pleaded their election to take the property under the will with the burden of the charge of the taxes, insurance premiums and cost of repairs, and their personal obligation to pay the same and hold the life tenant harmless. The defendants denied such construction of the will and any obligation to reimburse the widow. They pleaded a waiver on her part of any claim she may have had against them or their parents; also laches and limitations.

It appears that the named remaindermen and their descendants have been nonresidents of Frankfort for many years, but that they visited the life tenant in the property two or three times a year. It is not known whether Susan Butcher ever made demand upon her stepdaughters for the payment of these stated items, but it is agreed that no demand had been made upon their heirs. The dates and the amounts of the payments made by the life tenant were stipulated.

The defendants in a counterclaim charged that Vernie Black had occupied the premises since the date of the death of his mother against their will and without their consent and had refused to surrender possession. They prayed judgment against him for the fair and reasonable rental value of the house and the property. It was stipulated that $12.50 a month was such value.

It was adjudged that the defendants had become the owners of the property in fee simple upon the death of the life tenant and that her administrator had a lien upon the property to secure reimbursement of expenditures made by her for taxes and insurance premiums, with interest from the first of each year following the re-

spective payments. The property was ordered sold to satisfy the lien. The aggregate of the judgment is nearly $2,200, while the value of the property is only about $1,500. It was further adjudged that the plaintiff individually was indebted to the defendants for the rent claimed by them, amounting to about $275. Direct and cross appeals have been prosecuted.

The provision of the will concerning the payment of "taxes, insurance and improvements" by the remainderman is clearly within the terms of Section 2066, Kentucky Statutes, now KRS 394.510:

"When any property is devised subject to or upon the payment by the devisee to another of a sum of money or his doing some other thing, the latter shall have a lien on the legacy for the sum to be paid, or for the value of the thing to be done."

It seems to us that when the life tenant had paid and satisfied these items of taxes and insurance, a personal obligation arose on the part of the remaindermen to reimburse her. Low v. Ramsey, 135 Ky. 333, 122 S. W. 167, 135 Am. St. Rep. 459. We do not think the record sufficient to establish a waiver or relinquishment by the life tenant. But we are of opinion that as she could have maintained an action to recover the sums as she paid them each year, so much of the claim as accrued more than five years before the filing of this suit is barred by the statute of limitations. This was an obligation of an implied contract or one created by statute without any other time being fixed, the period of limitations of which is the same. Section 2515, Kentucky Statutes, now KRS 413.120; Collings v. Collings, 92 S. W. 577, 29 Ky. Law Rep. 51; Low v. Ramsey, supra. In the absence of a demand for payment no interest is collectible.

On the cross appeal it is argued that since the defendants had alleged in their counterclaim a wrongful occupancy of the premises, no rent is recoverable because there was no relation of landlord and tenant or permissive use and occupation. Richmond & Lexington Turnpike Road Co. v. Rogers, 70 Ky. 532, 7 Bush 532; 66 C. J. 100, 106. The point seems to be technically sound. But the measure of damages for the use and occupation, irrespective of an assumpsit, is the same, that is, the fair and reasonable rental value thereof, which it was stipulated, as we have said, was $12.50 a month. Louisville

& N. R. Co. v. Buckner, 71 Ky. 277, 8 Bush 277, 8 Am. Rep. 462; 66 C. J. 113. A reversal of this part of the judgment would have to be upon an unsubstantial ground and would avail nothing.

The judgment is reversed on the original and affirmed on the cross appeal.