**Mrs. Gobel RUTHERFORD et al.,
Appellants,**

v.

**Arthur KEITH et al., Appellees.**

Court of Appeals of Kentucky.

June 27, 1969.

H. L. James, J. T. Hatcher, Hatcher & Lewis, Elizabethtown, for appellants.

B. M. Vincent, T. H. Demunbrum, Brownsville, William E. Allender, Allender, Simmons & Robertson, Reginald L. Ayers, Bell, Orr & Reynolds, Bowling Green, for appellees.

EDWARD P. HILL, Judge.

This appeal concerns the construction of the will of Fount Cox, who died in 1910 a resident of Edmonson County. At stake is the title to a farm containing approximately one hundred acres.

Fount Cox was survived by his wife Julia Cox. No children were born to this marriage. From the time of their marriage in 1899, Medie Woosley, a sister of Julia Cox, resided with Fount and Julia. She continued to live with Julia for some years after the death of Fount. Also surviving Fount were two brothers, Sam W. Cox and J. M. Cox.

The appellants, plaintiffs in the circuit court, are the children and grandchildren of Sam W. Cox and J. M. Cox.

The apposite provisions of the Fount Cox will are quoted verbatim as follows:

" * * * I will to my said wife all my realestate for and during her natural life only after the deth of my said wife, should her Sister Miss Medie Woosley be living and unmarried. I will the whole of my real estate to her.

"In the event Miss Medie Woosely should die or marry before the deth of my said wife I will that at the deth of my Said Wife all of my realestate go to my two brothers J. M. Cox and S. W. Cox Share and Share alike and should either of my brother die before my Said Wife his child or childern shal have what the father of said Child or children would have received had he been living at the time of my wife deth."

In 1916, Medie Woosley married a man by the name of Sambrook.

The widow, Julia, married Andy F. Houchens in 1918. In the same year as her marriage to Houchens, Julia and her second husband conveyed the land involved to Sam W. Cox. Thereafter, and in the same year (1918), Sam W. Cox and his brother, J. M. Cox, executed a deed attempting to convey the farm to Mrs. O. H. Fishback. The appellees are the successors in title of Mrs. Fishback.

The husband of Medie died in 1928, and she never remarried.

Both Sam W. Cox and J. M. Cox died in 1937. Julia Houchens died in 1954.

In 1961, Medie Woosley Sambrook attempted to execute a deed to the farm to some of the defendants.

Appellants' action seeks to quiet their title to the farm in question and demands "rents, issues, and profits." Substantial improvements have been made on a two-acre tract, a part of the original farm.

Appellees took the position in the trial court, and take the same position here, that the conveyance by Julia Houchens and her husband and the deed of Sam W. Cox and J. M. Cox conveyed good title to them.

The judgment appealed from held that the remarriage of Julia "terminated her life estate" and that the "remainder estate in the real estate of Fount Cox was thereby precipitated and the fee simple title in the said real estate thereupon vested in the remaindermen, J. M. and S. W. Cox." The title of appellees was quieted, and the complaint was dismissed. With this conclusion we cannot agree and reverse the judgment.

■ Unquestionably, Julia took a life estate in the farm. No mention is made in the will of a termination of her estate upon her remarriage. Her life estate did terminate in 1954 when she died. She could convey no greater interest in the property than that which she took under the will. Hence appellees and their predecessors have only the life estate of Julia. The fact that Sam W. Cox and J. M. Cox joined in the deed to Mrs. Fishback passed no title other than the life estate Julia conveyed to Sam, except Sam's and J. M.'s remainder interests under the will, which, however, were contingent on their surviving Julia, and thus never vested. See Lepps v. Lee, 92 Ky. 16, 17 S.W. 146, at page 147, wherein this court said:

" * * * But while a contingent interest may be conveyed or devised, * * * yet, if the grantor or devisor dies before it becomes effective, and no estate has ever vested in him, the grantee or devisee takes nothing. No right having ever vested in the devisor or grantor, nothing passes. It is merely a devise or grant that may become effective if the devise to him becomes so; and, this never having taken place in this case, it results that the appellant has no right to any part of the estate in contest. Judgment affirmed."

██ Under our construction of the will Julia was devised a life estate.

██ Medie Woosley was given the first contingent remainder interest conditioned that she had not previously married and was still living at the time of Julia's death. Medie's marriage defeated her contingent remainder interest. It is apparent that Julia, Sam, J. M., and Medie considered Medie's marriage as a complete elimination or termination of Medie's contingent remainder interest in the property.

Sam and J. M. Cox were devised the second contingent remainder conditioned upon the death or marriage of Medie before the death of Julia and conditioned also upon their surviving Julia. No estate could vest in Sam and J. M. until the death of Julia, the life tenant.

The will left the third contingent remainder to the children of Sam and J. M. in event the brothers predeceased Julia. The title to the remainder estate vested in these children in 1954, the date of the death of Julia.

Appellees argue that the judgment dismissing the complaint is final insofar as Hubert Butram and Virginia Butram are concerned since appellant did not make them parties on this appeal pursuant to Rule 1.090. This may be true (though we need not so decide), but we are told in appellees' brief that the Butrams sold their interest in the property to Arthur Keith on October 24, 1967, and Keith is one of the appellees. We can see no reason for joining Butram in this litigation. He apparently claims nothing.

We have read and considered the authorities cited and relied on by appellees and find they contain sound law but are inapplicable to the facts of the present case. Most of these authorities hold that "the remainder vests in possession upon the elimination of the intervening estate." In the instant case, the first intervening estate, or contingent remainder, was eliminated by the marriage of Medie, and the second con-

tingent remainder never vested in the two brothers because of their deaths before that of the widow. Therefore, the third remainder to the children and grandchildren of the two brothers vested in them on the death of the widow.

Appellees' answer contains a plea of limitations, estoppel, and a demand for the value of the improvements placed on the land.

We think under the authority of Boggess v. Crail, 224 Ky. 97, 5 S.W.2d 906, appellants are not barred by the statute of limitations.

As to the issue of estoppel and demand by appellees for recovery of improvements, the trial court has the first say based upon such record and showing as may be made on those issues.

The judgment is reversed for proceedings consistent herewith.

All concur.