## WOODWARD v. WALLING *et al.*

Will: CONDITIONS LIMITING THE ESTATE. A clause in a will was in substantially the following form : " I give and bequeath to my son, Elisha J., my real estate (describing it) during his natural life, and after his decease to descend to his heirs, provided, however, that the said Elisha J. shall provide a home for his sister, Oriel, till her marriage, and then to give her an outfit equal to what her sisters have received at their marriage, provided, however, that if the said Elisha J. does not accept of the provisions of this will within eighteen months from the date hereof, then said property to revert to his sister, Oriel." *Held*, while by the terms of the will an estate was devised over to the daughter upon the non-compliance of the second proviso or condition by the son, that the first condition did not thus operate as a limitation upon the estate devised to him and his heirs, and therefore that a breach or non-performance of such condition did not have the effect of divesting his title under the will, but merely operated as a trust or charge upon the estate for its performance.

*Appeal from Bremer District Court.*

THURSDAY, JUNE 15.

ACTION at law to recover the possession of certain lands. Both plaintiff and defendants claim title under a will of Esther Walling in the following words: "I give and bequeath to my son, Elisha Jennings (describing the lands devised), during his natural life, and after his decease to revert to his heirs, provided, however, that the said Elisha Jennings shall provide a home for his sister, Oriel Zerna, till her marriage, and then to give her an outfit equal to what her sisters have received at their marriage, provided, however, that if the said Elisha Jennings does not accept of the provisions of this will within eighteen months from the date of this, then said property to revert to his sister, Oriel Zerna."

"Second. I give and bequeath to my daughter, Oriel Zerna, all my personal property and money except what is needed to bear the expenses of the said Elisha Jennings to this place, which shall not exceed $100." Plaintiff is the daughter named in the will, and defendant, Elisha J. Walling, is the son. Verdict and judgment for defendants; plaintiff appeals.

*George Ordway* and *James L. Husted* for the appellant.

*Gray & Dougherty* and *John E. Burke* for the appellee.

BECK, J. — The question here presented for our determination involves the construction of and the force and effect to be given to the conditions contained in the will. It was specially found by the jury that defendant, Elisha J. Walling, took possession of the lands under the will. This fact is not controverted, and no question is made of

his right to the land so far as the last condition is concerned. The plaintiff's counsel contend that, by a failure to perform the first condition, defendant's title to the land was defeated, and thereby became vested in plaintiff. In their view, the language of the will is such that plaintiff would become entitled to the property, not only upon defendant failing to accept under the will, but also upon his failure to perform the first condition prescribed. This question becomes important in its bearing upon the ultimate decision of the case, as it will serve to introduce for consideration and application another doctrine of the law, namely: If in a devise a condition is annexed to an estate thereby created, upon the breach or non-performance of which the estate is devised over to another, the condition operates as a limitation upon the estate of the first devisee which, upon the breach or performance of the condition, determines, without entry of the second devisee, who becomes seized and has an immediate right to the estate. 1 Greenleaf's Cruise, tit. 16, ch. 2, § 30. Applying this doctrine to the case, plaintiff insists that, by the terms of the will, an estate is devised over to plaintiff upon the non-performance of the first condition to provide a home and outfit for her, as well as upon a failure to comply with the second condition—acceptance under the will. It will be necessary for us to determine whether the devise can bear such a construction.

There are two distinct and separate conditions embodied in the instrument; the first imposing upon defendant the obligation to furnish to plaintiff a home and outfit; the second, that he accept the provisions of the will in eighteen months. The language under which plaintiff claims a devise over to her in case of non-performance of the condition is so intimately and entirely coupled with the words of the last condition, that it would be a great violence to the rules of our language to make it extend to the first condition. The second condition, with the devise over,

make one sentence full and complete. We know of no rule of construction or principle of our language which will permit us to make the adjunct of this sentence which declares the devise over to plaintiff, qualify, limit, or in any manner affect the preceding sentence, containing the devise to defendant and the first condition. The devise over to plaintiff is only on condition of the failure of defendant to accept under the will. That this is the effect of the language there can be no ground on which to build a doubt; that such was the intention of the devisor cannot be questioned, for the language and structure of the will can express nothing else.

We come now to consider the first condition. Under the rule just stated, the forfeiture of this condition, if there were a devise over dependent thereon, would divest defendant of the title. But as we have seen there is no devise over coupled with this condition, we must then inquire whether the non-performance of the condition produces the same effect, namely, divests defendants of the title conferred by the will.

When there is no limitation over, in a devise upon a condition, raising an estate in another upon its breach, the condition or proviso is not always construed as a limitation whereby the first estate devised may be defeated. Greenleaf's Cruise, tit. 16, ch. 2, § 34. As the intention of the testator must be followed, the estate devised upon condition will be defeated or upheld after the condition broken, as such intention may be discovered in the language and construction of the will. It appears quite plain to us, that the testator in the will before us did not intend that the estate devised to the defendant should terminate upon his failure to perform the condition first expressed. The language of the instrument fails to convey any such intention. That such intention existed we cannot presume, for the law does not favor forfeitures, and will not, by implication or construction, create them. That the intention

did not exist in the mind of the testator appears quite certain, from the fact that the question was before her, and contemplated by her, and yet no such intention is expressed. The question of forfeiture of the estate on account of the non-performance of the condition we know was contemplated by the testator, because she provided for a forfeiture upon the failure of the devisee to perform another condition subsequently expressed. Here are two conditions distinctly and separately prescribed. The non-performance of one, it is declared, shall defeat the estate. But it is not so expressed as to the other. The subject of the forfeiture of the estate upon breach of conditions being in the mind of the devisor, we must presume that it was the intention of the devisor that forfeiture should extend only to the case wherein it is prescribed. Such would be the construction applied to all written instruments containing like expressions. A limitation, too, whereby an estate may be determined, must be clearly expressed in order to be enforced as such. 2 Redf. on Wills, 668, § 18. It certainly ought not to rest upon construction, which will do violence to the rules of our language, and is not in accord with the usual manner of expressing our intentions.

The condition under consideration being for the benefit of plaintiff, without any expressed intention that its breach shall work a forfeiture of the estate, should be regarded as creating a trust or charge upon the land in her favor, to be enforced as other trusts and charges, and not as a limitation upon the estate devised. This is the doctrine announced in many cases arising under similar conditions. An extended review of these cases is not called for; a simple citation of those which have come under our observation is deemed sufficient. *Fox* v. *Phelps,* 17 Wend. 393; *Woods* v. *Woods,* 1 Busbee (N. C.), 290; *Taft* v. *Morse,* 4 Metc. 523; *Hanna's Appeal,* 31 Penn. St. 53; *Luckett* v. *White,* 10 Gill. and Johns. 480; *Sands* v. *Champlin,* 1 Story,

376; *Ward* v. *Ward*, 15 Pick. 511; *Sheldon* v. *Purple*, id. 528; *Veasey* v. *Whitehouse*, 10 N. H. 409; *Jennings* v. *Jennings*, 27 Ill. 518.

It is our opinion that the first condition expressed in the will does not operate as a limitation upon the estate therein devised to defendant and his heirs; and, therefore, that a breach or non-performance of such condition does not operate to divest the title held under the will. Other questions presented in argument by counsel need not be considered, as the foregoing ruling is decisive of the case.

Affirmed.