EDITH J. HENRY, Appellant, v. SYLVESTER S. GRIFFIS *et al.*, Appellees.

1. **Estates of Decedents:** PAYMENT OF BEQUESTS : CONVERSION BY EXECUTOR : LOSS CHARGEABLE PRO RATA TO SHARES OF BENEFICIARIES : LIEN UPON REAL ESTATE. A testator having two sons and a daughter, devised all of his real estate to his sons, and bequeathed a sum of money to his daughter, the will providing that, if the personal estate proved insufficient to pay the bequest, the sons should make good the deficiency. The division of the property was such as to indicate an intention on the part of the testator to divide his estate equally among his three children. The executor qualified with S., one of the sons, as surety on his bond, and thereafter converted all of the proceeds of the personal estate in his hands to his own use; but the whole of said personal estate was insufficient to pay the bequest to the daughter. *Held*, that the effect of the will was to create a lien upon the real estate devised to the sons for the amount of the deficiency in the personal estate for the payment of the bequest to the daughter; that the loss to the estate on account of the conversion of the executor was chargeable to the estate, and should be borne *pro rata* by the beneficiaries under the will; and that the share of said loss which was chargeable to S. was, by virtue of his legal obligation under the provisions of his will, a lien upon the real estate devised to S. regardless of his obligation upon the bond of the executor.

2. ——: ——: ——: ——. The will being of record, and being the basis of the title of S. to the real estate received under the will, *held*, that a grantee of said real estate took the same subject to the liens above referred to.

*Appeal from Lee District Court.*—HON. J. M. CASEY,
Judge.

WEDNESDAY, OCTOBER 18, 1893.

ACTION to set aside a conveyance of real estate.
There was a judgment for the defendants, and the
plaintiff appeals.—*Modified and affirmed.*

*J. D. M. Hamilton* and *D. F. Miller, Jr.,* for
appellant.

*D. F. Miller, Sr.,* for appellees.

GRANGER, J.—I. R. E. Griffis died testate on the
sixth day of May, 1887, leaving surviving him three

1. ESTATES of de-
cedents: pay-
ment of be-
quests: con-
version by ex-
ecutor: loss
chargeable
pro rata to
shares of ben-
eficiaries:
lien upon real
estate.

children, they being the plaintiff, the
defendant Sylvester S. Griffis, and Her-
bert L. Griffis. By the terms of his will,
he gave to Sylvester S. one hundred and
one acres of land, and to Herbert L. one
hundred and sixty acres, the two devises
constituting his entire real estate. To
his daughter, the plaintiff, he bequeathed the sum of five
thousand, six hundred dollars with the following provi-
sion: "If there is not personal property and money enough
to make the amount, the boys is to pay enough to make
the amount." One John Bullard was designated in the
will as executor, and qualified as such. The sureties
on the bond of the executor were Sylvester S. Griffis
and one A. Bullard. Sylvester S. Griffis signed the
bond on the seventeenth day of October, 1887. On the
twelfth of the same month he was married to his code-
fendant, Jennie Griffis. On the twentieth day of
December, 1888, Sylvester S. Griffis made to his wife a
conveyance of the land devised to him; the considera-
tion therefor being her marriage to him, in pursuance
of an antenuptial contract. On the eighth day of

April, 1890, the plaintiff obtained against Sylvester S.
Griffis a judgment in the sum of two thousand, one
hundred dollars.  This suit is to cancel the convey-
ance by Sylvester S. Griffis to Jennie Griffis, and sub-
ject the land to the payment of the judgment.

To a proper consideration of the case, it is impor-
tant to understand the character of the claims that
make up the amount of the judgment.  The record is
somewhat obscure in some respects.  The following
from the judgment entry in that case, will show the
necessary facts:

"The court also further finds that on the twenty-
fifth day of April, 1889, the said John Bullard, as such
executor, made a report of his doings to this court, and
it was shown by said report that he had in his hands
four thousand, two hundred and seven dollars and
five    cents    as    such    executor, and    as    further
shown · by    certain    citation    proceedings    in    this
court, that the said John Bullard had appropriated all
of said funds to his own individual use.  The court
further finds that on the sixth day of December, 1889,
the plaintiff, after making due demand for the legacy
due her under the will of her father, upon said execu-
tor, commenced an action upon the executor's bond
in this court, seeking to recover the amount due her
thereunder, and that said proceedings were compro-
mised, and under the terms of the compromise the
defendant was to pay to this plaintiff the sum of one
thousand, two hundred dollars and that said executor,
John Bullard, and his wife, and the defendant herein,
made and    executed their    promissory notes    to the
plaintiff, bearing date January 10, 1890, payable in one,
two and three years, in the sum of four hundred dol-
lars each; and it is also further found, when the plain-
tiff accepted said notes, it was expressly understood and
agreed that the said defendant would secure the pay-
ment thereof; that he had been requested so to do, but

refuses to give the plaintiff any security, and the plaintiff has tendered said notes back to the defendant, and he has declined to receive the same, and that said notes are now in the possession of the plaintiff herein, subject to the defendant's order and control. It is further found by the court that there is still due this plaintiff, under the will of her father, which has been hereinbefore referred to, and as coming from the said defendant under the provisions thereof, after applying all the personal property found in the hands of the executor, the sum of seven hundred and fifty dollars and that she has made demand upon said defendant for payment thereof, and said defendant refused, and still refuses, to make payment to her of said amount."

It will be seen that the items of that judgment are, first, one thousand, two hundred dollars, agreed to be secured under the compromise of a suit on the executor's bond, and seven hundred and fifty dollars, being the one half of the amount remaining due the plaintiff from Sylvester and Herbert because the "personal property and money" were not sufficient to pay the bequest of five thousand, six hundred dollars, with, probably, the interest on the two items. The district court, in this case, decreed that part of the judgment in that case representing the seven hundred and fifty dollars, with the interest thereon since August 5, 1891, a lien on the real estate in question, but denied such a lien as to the remainder of the judgment, being that part representing the one thousand, two hundred dollars and interest. The defendants do not appeal, and hence the controversy is as to the right of the plaintiff to have the balance of the judgment, also, a lien.

It will be well to first consider the effect of the will upon the real estate devised to Sylvester for the payment of any deficiency because of the personal estate being insufficient to pay the bequest to the

plaintiff. We mean, in this connection, the deficiency without regard to the defalcation of the executor. The district court, in making the seven hundred and fifty dollars a lien on the real estate, must have applied a rule of law that the effect of the will was to create such a lien, and we are in accord with that view. Of course, such a purpose on the part of the testator is only to be inferred; but the inference must be a necessary one, to effectuate the testamentary intention, for it should be presumed that the testator designed that his estate, rather than the personal property of his devisees, should stand as security for the fulfillment of his bequests, or, in other words, the due execution of his will. Courts should not and will not sanction such a substitution, as security, to the prejudice of a beneficiary, in the absence of a clear intention on the part of the testator. The consequences of the opposite rule are manifest in this case, where the substitution of personal security would take from one beneficiary, against a manifest intention of a testator, and give to another. In cases of doubtful construction, that one should prevail that will insure just results, and preserve a fair administration of the law.

We may now properly consider the case as to the one thousand, two hundred dollar item, and it is to be kept in mind that this item is not one arising out of a deficiency of the personal estate to meet the bequest to the plaintiff, as contemplated by the testator, but it arises out of a loss to the estate by the misconduct of the executor selected by the testator to carry out the terms of his will. It will be well to first consider how the estate should be affected by such a loss, without reference to any questions pertaining to the bond; that is, without reference to the suit on the bond, or the fact that Sylvester Griffis was a surety thereon. Viewing the case in the light of a loss of upwards of

four thousand dollars of the personal estate, from which, under the terms of the will, the bequest to the plaintiff was to be paid, would a just construction entail such a loss entirely upon her, or upon the devisees, or upon all? The record affords some reasons for thinking that the testator intended to deal with his children substantially alike; that is, to give to them property of nearly the same value, and, as we have said, that his estate should be security for the observance of his purpose. It seems to us that this manifest intention should be prominently in view, in solving the problem of how a loss to the estate should be met. In the light of this thought, it would be a very inequitable rule to say that, if the entire personal estate was lost before payment of the bequest to the plaintiff, the sons should make good the entire amount, and save the plaintiff entirely from loss, and it would seem equally inequitable, with the same facts, to say that the plaintiff should lose all, and the sons take the entire estate. It would, however, seem equitable that the estate should be charged with such a loss, and that it should be borne *pro rata* by the beneficiaries of the will. We regret that we are without precedent to aid us in the solution of this question, because of its particular as well as general importance. This view is not in harmony with either contention, appellant's claim being that the real estate should, under a fair construction of the will, be security against any loss to her; and that of the appellees, that it is in no way liable. We may now see how the situation is affected because of the suit on the executor's bond, the settlement of the same, the suretyship of Sylvester Griffis, and the conveyance in pursuance of the antenuptial agreement.

We do not understand from the record that, of the defalcation, more than one thousand, two hundred dollars due from Sylvester, and forming a part of the

judgment, is unsettled. The record is obscure in this respect. The entire defalcation seems to have been adjusted on the basis of notes being given for three thousand, six hundred dollars, one third of which was assumed by Sylvester, and is the one thousand, two hundred dollars included in the judgment, for the payment of which a lien on the land is now sought. It is somewhat significant that the amount thus included in that payment is the proportion which we hold should be adjusted by Sylvester as his proportion of the loss to the estate by the defalcation, regardless of his obligation as surety on the executor's bond; that is, it is the part of the loss for which his proportion of the property from the estate stands as security. Assuming, as we may, that other parties have canceled the other part of the defalcation without judgment on the bond, why should we not assume that this part is left to Sylvester as his legal obligation under the provisions of the will? Such a conclusion seems to us both reasonable and just.

II. It only remains for us to consider the effect of the conveyance to the defendant Jennie Griffis upon the lien that might otherwise attach to the land. As to the conclusion in this respect, there is little room for question. Conceding the validity of the antenuptial agreement, which we find it unnecessary to decide, it was made in full view of the fact that Sylvester's title was burdened with such obligations as might arise in carrying into effect the provisions of the will; that is, in the adjustment of property rights between legatees under the terms of the will. In so far as the will placed the land in the line of security for the carrying out of its provisions, she was bound to take notice, for the will was the basis of title for Sylvester, and was a matter of record.

The suit on the executor's bond was concluded without judgment, and there has been no adjudication

of the rights of the parties under its conditions, nor does this case involve such a question.

These considerations lead to the conclusions that the decree of the district court should be so far modified as to include in its lien the entire judgment for one thousand, two hundred dollars, and interest. This conclusion has the charm of being absolutely just, as between the parties, and not permitting a transaction of at least doubtful integrity to place the property where the intent of the testator would be defeated. The costs of this suit in both courts will be taxed to appellees. The judgment of the district court is MOD-IFIED AND AFFIRMED.