ANDERSON v. ANDERSON.*

(Division B. April 25, 1927. Suggestion of Error Overruled May 16, 1927.)

[112 So. 603.   No. 26460.]

1. WILLS. *Land of estate may be sold to raise funds for widow's support, where will charged entire estate with burden thereof.*
   Where will charged testator's entire estate with burden of expense of supporting and maintaining his wife during her life, lands

belonging to estate could·be sold to raise funds for her maintenance and support, in case rents, profits, and personal property of estate were insufficient for such purpose, notwithstanding that will provided that, after death of wife, testator's estate would go to children in fee simple.

2. DESCENT AND DISTRIBUTION. *Widow's agreement to take less than necessary for her support, which was made charge on estate, held without consideration.*

Where will charged entire estate with burden of expense of supporting and maintaining widow, an agreement by widow to take less than was necessary for purpose of maintenance was not binding, in that there was no consideration therefor.

3. PLEADING. *Widow suing to recover expenses of maintenance is bound by allegation of bill that such expenses were paid until certain date.*

Widow suing to recover expenses for support and maintenance in accordance with terms of will, making such expenses a charge on estate, was bound by allegation that such expenses had been paid until certain date, and was not entitled to allowances for period before such date.

---

*Corpus Juris-Cyc. References: Pleading, 13Cyc, p. 87, n. 64; Wills, 40Cyc, p. 1414, n. 26; p. 2002, n. 77; p. 2003, n. 88; p. 2023, n. 91; p. 2108, n. 49 New; As to enforcement of annuity charges upon a devise, see annotation in 30 L. R. A. (N. S.) 825; 28 R. C. L. 307.

APPEAL from chancery court of Marshall county.
HON. N. R. SLEDGE, Chancellor.

Suit by Mrs. E. M. Anderson against Mrs. Virginia L. Anderson, as executrix of the will of Joseph F. Anderson, deceased, and in her individual capacity, and another. Decree for complainant, and defendant named appeals. Modified, and, as modified, affirmed and remanded.

*Smith & Smith, E. M. Smith* and *E. C. Wright,* for appellant.

Appellee construes the will as giving to her the right to consume the entire *corpus* of the estate in her support, she to fix the degree of comfort and the amount of funds required to satisfy her. Appellant contends that the

will constituted appellee a life tenant and nothing more, and vested in Joe M. Anderson and his sister, Hattie Cannon, a fee-simple title in the remainder, and his sister, Bessie Jackson, an estate in remainder in trust, which contingently would ripen at once into a fee-simple title in remainder upon the death of her husband or her divorce from him. We maintain that this purpose of the whole will is manifest by construing the will as a whole.

The case might be simplified if the will directed the land to be sold in order to provide sufficient support for appellee, but the will does not so direct. We also contend that as a matter of fact by the proof of Mr. and Mrs. Walker McDonald and of Frank Anderson that appellee agreed with Joe M. Anderson, as executor of the will of Joe F. Anderson, to accept from him ten dollars per month in full discharge of the liabilities of the estate to her under the support provisions of the will of her husband, provided she be allowed to reside in the home of her daughter, Bessie Jackson.

The first question is to ascertain the purpose of the testator. The question here is: What was the purpose of Joe F. Anderson in the will in this case? The answer is: To provide a support for his widow during her natural life and to vest the remainder of his estate in his children. The effect of it is to make his widow a life tenant and his children remaindermen.

Under the rule of the vesting of estates, the life estate and the remainder vested immediately upon the death of the testator, because the law favors the vesting of estates at the earliest moment. *Branton* v. *Buckley et al.,* 54 So. 850.

In the construction of a will every part and provision must be made if possible to harmonize and be consistent with the others; a construction will not, therefore, be put upon a clause of doubtful import, which would make it inconsistent with another plain and clear provision of the will. *Dean* v. *Nunnally,* 36 Miss. 358.

The intent of the testator must be gathered from the language used in the will, and by this is meant that such intention shall be gathered from the four corners of the instrument; that is to say, from the whole will— the whole frame of the will; and when once the actual intent of the testator at the time of the making of the will has been in this way ascertained, all minor, subordinate, and technical rules of construction must yield to this paramount intent thus ascertained. *Ball* v. *Phelan,* 94 Miss. 293, 49 So. 956, 23 L. R. A. (N. S.) 895.

Our court in order to give effect to the manifest intention of a testator, construed the word *rent* to mean real estate. *Baird* v. *Boucher,* 60 Miss. 326. The rule that if there be earlier clauses in a deed repugnant to later clauses, the later shall prevail, does not apply where the inconsistent clauses can be made to harmonize with the general purpose of the parties as gathered from the whole instrument. *Goosey* v. *Goosey,* 48 Miss. 210.

We submit that no construction of item two of this will which holds that it confers the rights to sell the land can possibly be harmonized with the later provisions of the will which require that the land be held until the death of the widow of the testator, or the death of the beneficiary, Bessie Jackson, or the death of her husband or her divorce from him, or her being survived by no heirs of her body or descendents of such heirs, and that therefore the later provisions must prevail.

*Wall Doxey* and *Hindman Doxey,* for appellee.

Appellee does construe the will as giving to her the right to consume the entire *corpus* of the estate in her support if necessary, but does not contend that she has the sole and only voice as to the amounts to be expended for her support and comfort except insofar as the provisions of the will give her that right and power, for it is definitely recited in the will that ''such support to be equal to that in all respects which she is now accustomed

to receive and such as may be necessary for her comfort in her declining years.''

After the widow has been cared for, supported and maintained in the manner provided for, and after she has been given a decent Christian burial, then the great purpose and intent of the testator, Joe F. Anderson, has been fulfilled; and if anything should then remain of the estate which he had accumulated, he provides as to the distribution and disposition in the following manner: ''Item 3. *The balance and residue* of my estate . . . I give and bequeath as follows; viz. . . .'' (bequests to children).

Under no construction of the provisions could anything vest or take effect until Mrs. E. M. Anderson had lived and died and had been buried in the manner intended by the testator, for the entire estate was charged with this burden.`

In arriving at the true intention and purpose of Mr. Anderson the first significant word that appears in his will which has a direct bearing on the issues here presented is the word *charge.* *Charge* has been defined to mean a lien, encumbrance, or claim which is to be satisfied out of the specific thing or proceeds thereof to which it applies. A charge is not an interest in, but a lien upon lands. Charging an estate is appropriating a definite part or portion to a definite and particular purpose. Bouviers' Law Dictionary.

The court has repeatedly announced its construction of the words *balance and residue,* the most recent case in which they have been considered being *Grace* v. *Reed,* 108 So. 799. ''Where estate or interest is given in one clause in clear and decisive terms, it cannot be cut down by subsequent words that are not clear and decisive.'' 40 Cyc. 1414-1417-1612; 105 So. 881.

In this case certainly it was the dominant purpose of Mr. Joe F. Anderson to create a charge upon his entire estate for the benefit of his widow, even though it took the *corpus* of the estate; and if it can be construed that he

made any statements contrary to this purpose, then these statements will not prevail to destroy or to cut down the interest which was plainly, clearly and unmistakably given in the provision of Item 2.

The law further clearly recites that a construction which admits children to compete with their living parent is to be avoided unless plainly the testator's intention. 40 Cyc. 1411 et seq. See also Redfield on Wills (3 Ed.), 429-430, paragraph 12.

Argued orally by *L. A. Smith,* for appellant, and *Hindman Doxey,* for appellee.

ANDERSON, J., delivered the opinion of the court.

The appellee, Mrs. E. M. Anderson, filed her bill in the chancery court of Marshall county, against appellant, Mrs. Virginia L. Anderson, as executrix of the will of her husband, Joseph F. Anderson, deceased, and in her individual capacity, and also against Mrs. Hattie Cannon, in her individual capacity and as trustee for Mrs. Bessie Jackson, who has not appealed, to charge with and have sold, if necessary, for the purpose of appellee's maintenance and support, the lands of the estate of appellee's husband, Joseph F. Anderson, deceased. The cause was tried on bill, answer by appellant, and proofs resulting in a decree granting the prayer of appellee's bill. From that decree, appellant prosecutes this appeal.

We think the evidence sufficient to support the allegations of the bill. Perhaps we could not make a better statement of the case, out of which the questions to be determined arise, than by setting out appellee's bill. Leaving off the formal parts, including the affidavit and exhibits thereto, the bill follows:

"Your complainant, Mrs. E. M. Anderson, would most respectfully show unto this honorable court: That both she and the defendant are resident citizens of Marshall county, Miss. That on the 23d day of February, 1918, her

husband, Joseph F. Anderson, departed this life at his fixed place of residence in Marshall county, Miss., having first made and published his last will and testament bearing date of August 2, 1906; same being duly probated and made of record on the 28th day of February, 1918, and recorded in Will Book No. 1, at page 427 of the records of the chancery clerk's office of Marshall county, Miss., a copy of same being hereunto attached and marked 'Exhibit A' hereto and asked to be taken as a part of this original bill.

"Said will specifically provides as follows, to-wit: 'Item 2nd: After the payment of all my debts and funeral expenses as per item 1st of this will. I charge my entire estate with the burden of the expense of supporting my beloved wife during the term of her natural life; such support to be equal to that in all respects which she is now accustomed to receive, and such as may be necessary for her comfort in her declining years, etc.'

"After the death of complainant's husband, Joseph F. Anderson, said will was duly admitted for probate and letters testamentary were duly issued; and her son, Joe M. Anderson, was nominated and appointed executor of said will according to its terms, on the 28th day of February, 1918.

"On the 4th day of July, 1924, the said Joe M. Anderson departed this life at his fixed place of residence in Marshall county, Miss., having first executed his last will and testament, dated the 17th day of May, 1922, same having been duly made a matter of record on July 10, 1924, and recorded in Will Book No. 2, at page 40, of the records of the chancery clerk's office of Marshall county, Miss.; a copy of said will being hereunto attached and marked 'Exhibit B' hereto, and asked to be considered as a part hereof as if fully copied at length herein.

"Mrs. Virginia L. Anderson, the defendant herein, by the terms of the said will, is the sole heir and beneficiary and executrix of the estate of the said Joe M. Anderson, and letters testamentary were duly issued unto her as

executrix of said estate on the 10th day of July, 1924, as shown by cause No. 5082 of the chancery clerk's office of said county and state.

"Complainant avers that, after the death of her husband, Joseph F. Anderson, their son, Joe M. Anderson, complied with the terms of the will of her husband and his father by furnishing her with the necessities of life and paying the expenses of her support out of the estate left by her husband, up until May, 1922. But complainant avers and alleges that since May, 1922, she has not been given anything nor furnished with the comforts and necessities of life by the said Joe M. Anderson nor his legal representative, Mrs. Virginia L. Anderson, nor received any sums whatsoever for her board and clothing and other necessities out of the estate of her deceased husband, Joseph F. Anderson.

"Although Joe M. Anderson had full charge, control, and use of said estate and generally profited therefrom until the time of his death in July, 1924, for more than two years before his death your complainant was forced to seek aid elsewhere, and was given shelter, clothes, board, and other necessities by her daughter, Mrs. Bessie Jackson, with whom she is now living and has lived for quite awhile, and who has administered to her wants without any pay from the estate of her deceased husband.

"Complainant charges and avers that, after the death of the said Joe M. Anderson, his wife, the defendant herein, Mrs. Virginia L. Anderson, continued to use, have, control, and profit from the estate of her husband, Joseph F. Anderson, but that, although she has often been requested, she has failed, refused, and still refuses to comply with the terms of the said will of Joseph F. Anderson, deceased, and has never paid her or given unto your complainant anything for her comfort and living expenses out of said estate or the proceeds therefrom, to which complainant is justly due and entitled.

"On the 5th day of January, 1925, your said complainant, Mrs. E. M. Anderson, duly probated and had allowed, as made and provided by law, her itemized claim amounting to six hundred ninety-five dollars against the estate of Joe M. Anderson, deceased, a copy of said itemized probated claim being hereunto attached and marked 'Exhibit C' hereto, and asked to be taken and considered as a part herein as if fully copied at length herein; same being for board from May, 1922, to July, 1924, a period of twenty-six months, at the rate of twenty dollars per month, amounting to five hundred twenty dollars, and clothes necessary for complainant's comfort and maintenance, which she failed to receive out of the assets of said estate since the death of her husband, estimated at twenty-five dollars per year for the years 1918, 1919, 1920, 1921, 1922, 1923, 1924, being a period of seven years and amounting to one hundred seventy-five dollars, making a total of six hundred ninety-five dollars.

"Your complainant was most reasonable in her demands, and only asked for just what amounts were absolutely necessary, but even that was refused to be paid her by defendant and she now avers that said estate and the defendant are justly indebted to her in an amount far in excess of this amount and as she has been forced to bring suit to recover that which is most justly due her she asks this Honorable Court to order an accounting if he deems necessary to ascertain what is reasonable and justly due unto her, and that a lien be declared against said estate in her favor for whatever sum she may be entitled to and a judgment rendered against said estate of Joe M. Anderson and the defendant, Mrs. Virginia L. Anderson, for such an amount that the accounting may show she is entitled to in a sum not less than six hundred ninety-five dollars and any further sums found to be justly due her and that said defendant, individually and as executrix of said estate be ordered to pay said sum at once, as your complainant is old and very feeble and regrets very much to have to resort to this, her last

remedy, to obtain the relief to which she is most justly entitled.

"Premises considered, it is the prayer of the complainant, Mrs. E. M. Anderson, that the defendant Mrs. Virginia L. Anderson, executrix and sole beneficiary and legatee of the estate of Joe M. Anderson, deceased, be made a party defendant to this bill of complainant, by the proper process of this court, returnable at the regular October rules, 1925, of this court, and required to answer same, but not under oath, as answer under oath 'is hereby specially waived, and that at the hearing of this cause, if the court deems it necessary to order an accounting in this behalf, to cause a master to be appointed to take and state an account between the parties hereto as in such cases made and provided by law, and that a decree of judgment be rendered in favor of complainant against defendant in the sum of not less than six hundred ninety-five dollars, with legal interest from due date until paid, and that a lien be declared and a charge decreed against the property on said estate in such an amount as is ascertained to be just, due, and owing unto said complainant by said defendant, and that all costs of this proceeding be taxed against the said defendant, or, if mistaken in the relief prayed for and if complainant is entitled to other relief, then it is the prayer of your complainant that this court grant unto her such other, further, different, extra, special, or general relief as she may be entitled to in the premises and as is in keeping with right and justice, as in duly bound she will ever pray," etc.

The main question in the case is whether, under his will, Joseph F. Anderson, deceased, charged the lands, as well as the personal property and rents and profits of his estate, with the maintenance and support of appellee, his wife, during her lifetime. Leaving off the formal parts, the following is a copy of the will:

"Item 1st: I direct payment of just debts and funeral expenses be paid out of my estate.

"Item 2nd: After the payment of my debts and funeral expenses as per item 1st, of this will, I charge my entire estate with the burden of the expense of supporting and maintaining my beloved wife during the term of her natural life; such support to be equal to that in all respects which she is now accustomed to receive, and such as may be necessary for her comfort in her declining years, and I also charge my estate with the expenses of a decent Christian burial of my said wife at the time of her death.

"Item 3rd: The balance and residue of my estate of every kind, character and description and wheresoever situated, I give and bequeath and dispose of as follows; viz.:

"To my son, Joe M. Anderson, I give one-third of my estate in fee simple; to my daughter, Hattie Cannon, I give one-third of my estate in fee simple; and to my daughter, Bessie Jackson, I give and bequeath the remaining one-third of my estate for and during the term of her natural life with the remainder over to the living heirs of her body at the time of her death, of the descendants of such heirs then living, but should the said Bessie Jackson at the time of her death leave no heirs of her body living, or descendants of such heirs living at the time of her death, then the said estate hereby given and bequeathed to her shall revert to my estate.

"Item 4th: The title to the interest in my estate hereby given and bequeathed to the said Bessie Jackson in item 3rd of this will I do hereby vest in my son, Joe M. Anderson, as trustee, to be used and managed by him for the benefit of my said daughter, Bessie Jackson, as long as the said Bessie Jackson remains the wife of her husband, J. B. Jackson, and should the said Joe M. Anderson die before the said Bessie Jackson dies, then the title to the interest vested in him as trustee shall at once be vested in Hattie Cannon as trustee to be used and managed and controlled by her for the use and benefit of the said Bessie Jackson, in the same manner and to the same

extent as is above provided for the management of said estate by the said Joe M. Anderson; I further direct that no bond shall ever be required of either of said trustees for the proper management of said estate committed to their care.

"Item 5th: Should the said Bessie Jackson survive her said husband, J. B. Jackson, or be lawfully divorced from him, then I direct that the estate hereby given and bequeathed to her for life shall at once ripen into an estate of fee simple, and she shall be entitled to the possession of the same and be entitled to the full control and management of the same free from interference on the part of the trustees heretofore named, and may dispose of the same as she sees fit, and any conveyance of said property by the said Bessie Jackson upon the happening of the events of this item of my will shall vest in the purchaser a fee-simple title to the property disposed of by her.

"Item 6th: I nominate and appoint my son, Joe M. Anderson, executor of this my will and testament specially exempting him from giving any bond or security as such and from making any inventory or appraisement of my estate, and from making and reporting or accounting thereof to or with any court whatever, requiring him to do no more than to carry out the provisions of this will and have the same filed and properly probated and recorded according to law."

The evidence tended to show, and the chancellor found, that the rents, profits, and personal property of the estate of the testator were insufficient to properly maintain and support appellee, and decreed a sale of the real estate for that purpose. Appellant argues that, under the will, the lands of the estate could not be sold in order to raise funds for the necessary maintenance and support of appellee; that only the personal property and the rents and profits of the estate could be devoted to that purpose under the will; while appellee contends, that under the will if the rents and profits and personal prop-

erty of the estate were insufficient for the maintenance and support of appellee, as the chancellor found and the evidence tended to show, then the lands of the estate were chargeable with such support, and should be sold for that purpose.

It will be noted that after payment of his debts and funeral expenses, the testator, in the second paragraph of his will, charged his *entire estate* with the burden of the expense of supporting and maintaining his wife during her natural life in the manner to which she had been accustomed during his lifetime. There seems to be little diversity among the authorities as to the meaning in a will of the phrase, "charge my entire estate." The courts hold that, where a legacy is so charged upon an estate, that the legatee, if necessary to enforce the payment of the legacy, may resort to, and have a sale of the lands of the estate of the testator. This question is treated in 28 R. C. L. at pages 306, 307, sections 288 and 289, and authorities cited in the notes. Appellant does not controvert that general principle, but she argues that this particular will is not to be given that construction, because, taking the will as a whole, it is clear that the testator did not intend to devote his lands to the payment of appellee's legacy, but to make it a charge alone upon the personal property, and rents and profits of his estate. Appellant bases this contention largely upon the fact that the will provides that after the death of appellee, the testator's estate is to go to his children in fee simple; that, if all of the estate is to be consumed in the support of his wife, clearly there would be no remainder estate to go in fee.

The remainder estate was disposed of in the third paragraph of the will, the first clause of which is in this language, "the balance and residue of my estate of every kind, character, and description, and wheresoever situated, I give and bequeath and dispose of as follows." As we view the will, the contention of appellant is unsound. Taking the will as a whole, it is patent that the dominat-

ing thought in testator's mind in the making of his will was to provide for the maintenance and support of his wife if she should survive him; that every other provision of the will was to be subordinate to that. Such a provision in a will, situated as the testator was with reference to his wife and children, was the natural and reasonable one to make. That clause of the will clearly shows that he thought there might not be left any part of his estate after the death of his wife, for he was careful to refer to it as "the balance and residue of my estate;" in other words, it is evident from the will that the testator had in mind that his wife, if she survived him, should be properly supported during her lifetime, even if it took all of his estate of every kind and character so to do.

The evidence tended to show that appellee moved in May, 1922, from the country, where she was living, to Holly Springs, for the purpose of being with her daughter, Mrs. Jackson, and that at the time this move was made she had an agreement with her stepson, Joseph M. Anderson, the executor of her husband's will, that, if he would pay her ten dollars a month, she would release the estate from any further liability under her husband's will. The evidence showed that thereafter the estate paid appellee ten dollars a month up to the time of the filing of the bill in this case. Appellant contends that this was a binding contract between appellee and the estate of her husband, and she was thereby estopped from claiming from the estate any sum above that amount. There was no consideration shown for the agreement, if such an agreement was made. The support and maintenance of appellee was a first charge upon the estate after the payment of debts. If she made an agreement to take less than was necessary for that purpose, it was not binding upon her. The executor, if he made such an agreement with appellee, gave to her no consideration therefor.

Appellant complains that the chancellor erred in rendering a personal decree against her in favor of the ap-

pellee.  As we construe the language of the decree, it is
not a personal decree against the appellant for any sum
whatever.  By the decree, appellant is given the right
to pay the amount charged against the lands of the estate,
and thereby render the sale of the lands unnecessary;
but, as we understand the decree, the charge against the
lands is not made a personal liability on the part of the
appellant.  The decree provides no method to enforce
collection of the amount from appellant.  The evidence
showed that the appellant was the sole heir, legatee, and
devisee of her deceased husband, Joseph M. Anderson;
and thereby she became the owner in fee of a one-third
undivided interest in any remainder estate of the de-
ceased, Joseph F. Anderson, and, having acquired the
interest therein of Mrs. Cannon by purchase, she became
the owner of a two-thirds undivided interest in such es-
tate.  Being so interested, the court, in its decree, thought
to give appellant an opportunity, if she so desired, to
pay the amount decreed and made a charge against the
lands of the estate.

Appellee, in one paragraph of her bill filed in this cause,
stated that the executor of her husband's will had com-
plied with the terms of the will by furnishing appellee
with the necessities of life and paying the expenses of
her support out of the estate of her husband until the
month of May, 1922.  Appellee was bound by that alle-
gation of her bill.  Notwithstanding, the court, in its
decree, awarded her, as a charge against the lands of
her late husband, twenty-five dollars a year for clothing
for the years, 1918 to 1926, inclusive.  Under the plain
admission in appellee's bill, she was not entitled to such
an allowance for the years, 1918 to 1921, inclusive.  Ap-
pellant contends that the decree is erroneous, at least,
to that extent.  As we view the case, we think the con-
tention is well founded.  It follows, therefore, that the
sum of one hundred dollars, which is as near as can be
approximated from the record, should be deducted from

the amount awarded the appellee; in other words, that the decree was excessive to that extent.

We see no other substantial errors in the case, and the decree of the chancellor will be modified to that extent and the cause remanded for further proceedings in accordance with this opinion.

*Affirmed, with modification, and remanded.*