### Deckard v. Deckard.

(Decided December 1, 1931.)

JAMES & JAMES for appellant.

J. E. WISE for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

The last will of George W. Deckard probated in the Hardin county court on August 18, 1924, among other devises and bequests contained the following provision: "If I don't sell my farm before I die, it is to go to Arthur Deckard, and my daughter Nora Deckard is to have a home on it as long as she desires to stay and remains single. Arthur is to furnish feed for her fowls and cow and see to getting her fuel."

Testator died without having sold his farm, and his son Arthur accepted the devise, took charge of and cultivated the farm, removed some of the buildings therefrom to another farm owned by him, and permitted his sister Nora to occupy the residence until it was destroyed by fire in January, 1928. In part, at least, he kept and performed the other conditions mentioned in the devise to him.

On August 5, 1929, Nora Deckard instituted an equitable action in the Hardin circuit court against Arthur Deckard and the other children and heirs at law of the testator. In her petition, after enumerating the above-stated facts, she alleged that her brother, defendant Arthur Deckard, had removed and sold timber of the value of $500 off the farm; that, when the residence burned, he collected the proceeds of an $800 insurance policy thereon, and had appropriated same to his own use, refusing to build another dwelling or permit her to have use of the insurance money or any part thereof; that for several years he had failed and refused to furnish her with feed for her fowls and cow or to furnish her any fuel; that for more than a year he had failed to furnish or permit her to have a home on the farm; that by reason of the matters alleged she had been damaged in the sum of $1,500. The only items specified as going to make up this amount was $300, which she had been required to spend for feed, and $240 which she had been damaged by reason of the failure and refusal of her brother to furnish her a home on the farm.

The prayer of the petition is for a construction of the will and a determination of the rights of the parties thereunder and for a judgment against Arthur Deckard in the sum of $1,500. A demurrer to the petition was overruled, but in the record there is an order sustaining a motion to require plaintiff to elect which cause of action she will prosecute and a recital that she elected to prosecute her action for damages. By agreement of parties, the action was transferred to the ordinary docket.

By answer and counterclaim, defendant, Arthur Deckard, admitted that he collected $800 insurance on the house which was destroyed by fire, but denied the other allegations of the petition. In a second paragraph he affirmatively alleged that he is the owner of the tract of land containing about 70 acres described in the petition and devised to him by the will of his father, and that his

sister, Nora Deckard, claims to have some interest in the land, but that she has no interest whatever, and her claim is casting a cloud on his title. He asks that plaintiff's petition be dismissed and his title to the tract of land in controversy be quieted, and that Nora Deckard be adjudged to have no interest therein.

On final hearing, the jury returned a verdict in favor of the plaintiff in the sum of $150. The court overruled Arthur Deckard's motion for a judgment notwithstanding the verdict of the jury and also his motion and grounds for a new trial. It was adjudged that plaintiff recover the sum of $150 and that the counterclaim of the defendant, Arthur Deckard, be dismissed. He is here on appeal from that judgment.

It is insisted by counsel for appellant that the provision in controversy, if meaning anything, is a condition subsequent, and that the remedy for breach is forfeiture; that the right to declare forfeiture and to recover the estate is in the donor or his heirs at law, and therefore the court should have sustained the demurrer to plaintiff's petition. It is further insisted that, as the petition was not dismissed on demurrer, the court erred in dismissing appellant's counterclaim and in not quieting his title to the land devised to him by his father and in adjudging damages against him on the assumption that he had entered into a contract with appellee.

Clearly this farm was devised to appellant subject to the charge that Nora Deckard be permitted to have a home on it so long as she remained single and desired to avail herself of such home, and further that appellant should furnish feed for her fowls and cow and see that she was furnished with fuel. There is no provision for forfeiture and no devise or limitation over, in case the devisee shall fail to keep or perform these conditions and charges; therefore, when appellant accepted this devise, he became invested with title to the land incumbered, however, with the charge which created a lien in favor of appellee. Pearcy v. Greenwell, 80 Ky. 616; Low v. Ramsey, 135 Ky. 333, 122 S. W. 167, 168, 135 Am. St. Rep. 459.

In the case of Low v. Ramsey, supra, testator devised and bequeathed certain real and personal property to her son, but provided that he should take and rear two of her infant children until they attained an age of 15 years. Devisee disposed of the estate devised to him and left the state, taking with him one of the infant

children, but abandoning and making no provision for the support of the other. The child who was abandoned by devisee brought the action against the purchaser of the devised land. She alleged that she was entitled to a lien on the land for the reasonable cost of her support from the time of her mother's death until she attained the age of 15 years, and fixed the reasonable cost of her care and support for that period as $1,000. The petition further alleged that devisee's vendee purchased the land with actual and constructive knowledge of the provisions of the will, and she prayed that she be adjudged a lien, and that the land be subject to the payment of her demands. A demurrer to the petition was sustained, and the petition was dismissed upon her failure to further plead. The judgment of the lower court was affirmed, not on the theory that the petition failed to state a cause of action, but because the court was of the opinion that her claim was barred by limitation, and, under the circumstances, that question could be raised by demurrer. In discussing the allegations of the petition and the construction to be given to the provisions of the will, this court in the opinion said:

"In our opinion the provision in the will charging Wiatt Low with the duty of caring for Josie and Harry until they were 15 years old created a lien upon the land in their favor and for this purpose, and as the will was put to record the vendee of Wiatt was charged with notice of its provisions and held it subject to the liabilities imposed upon Wiatt.

"It is insisted by counsel for appellant that the provisions in the will imposing upon Wiatt the duty of supporting and caring for these children was either a condition precedent to the vesting of the devise in him, or a condition subsequent, that by his failure to perform forfeited the estate; but in this view we do not agree. Giving to the provision in the will the same effect that was given to similar provisions in the wills construed in the cases of Pearcy v. Greenwell, 80 Ky. 616, and Bryant v. Dungan, 92 Ky. 627, 18 S. W. 636 [13 Ky. Law Rep. 841], 36 Am. St. Rep. 618, we hold, as did the court in Pearcy v. Greenwell, that Wiatt took the estate subject to the charge upon it in favor of Harry and Josie."

See, also, Ditchey v. Lee, 167 Ind. 267, 78 N. E. 972; Wiggin v. Wiggin, 43 N. H. 561, 80 Am. Dec. 192.

In the light of the authorities cited, it is manifest that the court did not err in dismissing appellant's counterclaim or in entering a judgment in conformity with the jury's verdict.

Judgment affirmed.