ELIZABETH PFEFFER et al., Appellants, v. HAROLD M. FINN et al., Appellees.

No. 47154.

(Reported in 30 N. W. 2d 481)

JANUARY 13, 1948.

Winters & Winters, of Omaha, Nebraska, for appellants.

Locke & Reading, of Bedford, for M. R. Brant, Guardian ad litem for Anna Meckna, incompetent, and Anna Meckna, appellees.

Harold M. Finn and Edwin I. Finn, of Blockton, pro se.

OLIVER, J.—■ The record on appeal does not comply with Rule 340, Rules of Civil Procedure. By stipulation appellants had agreed to amend their proposed abstract to conform to appellees' proposed amendments. The changes should have been made by correction or deletion and substitution at the proper places. Instead they were merely set out in a so-called additional record. Furthermore, it does not appear the certificate of the trial court required by Rule 340(h), was secured. However, we have decided to consider the appeal.

Elizabeth Meckna, a widow, of Omaha, Nebraska, died in 1938. Her will, made in 1937, gave her estate to her eight adult sons and daughters. Paul received a life estate in two improved lots, remainder to his surviving issue, if any, or to Elizabeth (Pfeffer) and Mike or their issue. Frank was given a city lot and Mike a lot and an automobile. Anna, Dorothy, Margaret and Edward were given the family home and household goods, share and share alike.

This case centers around the part of the will which disposed of testatrix' two-hundred-forty-acre farm. Apparently this was the most valuable asset of the estate. The will provides:

"Sixth. I give, devise and bequeath to my son, Mike Meckna, and my daughter, Elizabeth Pfeffer, my farm * * *. This farm is given with the understanding that the said Mike Meckna and Elizabeth Pfeffer are to take care of my daughter, Anna Meckna, in the event that she is unable to provide for herself."

Anna Meckna has been mentally defective since childhood. She had lived with testatrix in the family home and was about thirty-one years old at the time of her mother's death.

After the death of testatrix, Anna continued to live in the family home with her brothers and sisters. About 1943 the home was sold in partition and Elizabeth took Anna to her (Elizabeth's) home. Elizabeth had five children. Anna helped with the housework. About 1944 a sister, Margaret, in effect, borrowed Anna to help with her housework and the care of her children. Since then Anna has worked in Margaret's home, apparently for her board and room.

In 1943 Anna was adjudged incompetent and Elizabeth was appointed guardian of her person and property. Elizabeth's petition for appointment of guardian alleged Anna "is incompetent to look after herself, and has been since she was twelve years of age, and she is now of the age of thirty-five years."

Elizabeth testified she received, as Anna's guardian, about $800 from the partition sale of the home and $200 from crops produced on the farm. The guardian deposited this money in a bank but permitted Margaret to withdraw it. Apparently an action to recover this fund is pending.

In 1946 defendants Harold M. and Edwin I. Finn contracted with Mike Meckna and Elizabeth Pfeffer to buy the Iowa farm for $12,000. However, the Finns objected to the title, contending it was charged with a lien for the care of Anna. Mike and Elizabeth then instituted this declaratory action against the Finns and Elizabeth's ward, Anna.

An attorney was appointed guardian ad litem for Anna.

He secured counsel who conducted the defense for her. Witnesses for plaintiffs testified Anna had been and was able to provide for herself by doing housework or perhaps work in a packing house, except during a period of five months following an operation. Anna attempted to testify but was unable to qualify as a witness. She told the court she did not know "the difference between the truth and a lie." She was unable to tell her age and stated she was a young girl.

The trial court adjudged the care and support of Anna was a charge on the land. Mike and Elizabeth have appealed.

I. Appellants concede a will may charge payment of legacies on devised property. See Anderson v. Anderson, 234 Iowa 277, 12 N. W. 2d 571. However, they contend that to create a charge for care and support the provision must be certain as to time and definite as to amounts. This court has never held these elements essential to the validity of such a charge.

Woodward v. Walling, 31 Iowa 533, 534, concerned a devise of a life estate in lands which provided that the devisee "shall provide a home for his sister, Oriel Zerna, till her marriage, and then to give her an outfit equal to what her sisters have received at their marriage." We said this created a trust or charge upon the land in her favor.

Merchants Nat. Bk. v. Crist, 140 Iowa 308, 118 N. W. 394, 23 L. R. A., N. S., 526, 132 Am. St. Rep. 267, states a lien upon property devised was created by a provision requiring the devisees to support and care for their father for life and making it a lien upon the property.

In Vorse v. Vorse, 186 Iowa 1091, 1093, 171 N. W. 186, the charge included the duty of furnishing the widow a "good and reasonable support" during her widowhood.

These expressions are in accord with the general rule stated in 28 R. C. L., Wills, section 289, "* * * the charge on a devise may be * * * the obligation to support a designated person for life, or during widowhood, or for some other period of time."

See, also, annotation in L. R. A. 1917A, 644, Provisions for Support.

The time when the lien attaches to the property and the time or times of the performance of the obligations secured by the lien are not the same. The lien attaches at the death of the testator. 69 C. J., Wills, section 2475. The time or times of performance of the obligation are dependent upon the provisions of the will. Security Sav. Bk. v. Williams, 188 Iowa 904, 913, 176 N. W. 971. They may be definitely fixed or determinable at testator's death or may be conditioned upon future events. See 69 C. J. 1217. For example, in Deckard v. Deckard, 241 Ky. 329, 43 S. W. 2d 1006, 1007, the time of performance of a charge depended in part upon the desire of the beneficiary. The language considered in D'Arcangelo v. D'Arcangelo, 137 N. J. Eq. 63, 65, 43 A. 2d 169, 172, is " 'should he be unable to work.' " In the case at bar it is "in the event that she is unable to provide for herself."

In Ober v. Seegmiller, 180 Iowa 462, 467, 160 N. W. 21, 22, a charge depended upon the fixing of the amount and demand by the beneficiary periodically and the decision stated the charged "gift or bequest was a conditional one."

Although the objections presented in the case at bar may not have been direct issues in the foregoing Iowa cases, the discussions and decisions indicate the court considered the validity of provisions of the nature here complained of was not questionable. We are satisfied this position is sound. Generally speaking, a testator may devise property subject to such conditions as he may determine, if not in violation of law. Guilford v. Gardner, 180 Iowa 1210, 1220, 162 N. W. 261. Charged legacies do not constitute an exception to this rule. Dickson v. Field, 77 Wis. 439, 46 N. W. 668, 9 L. R. A. 537. We hold the lien for Anna's care and support is not invalidated by uncertainty as to time of performance or indefiniteness as to amount.

Appellants contend also that no charge was created. The will states "this farm is given with the understanding" that Mike and Elizabeth "are to take care of my daughter, Anna Meckna, in the event that she is unable to provide for herself." It is suggested (without argument) that the language "with the understanding" they "are to take care of" Anna is precatory. This court has never determined the effect of such language,

but in Gould v. Trenberth, 61 R. I. 5, 199 A. 696, an analogous case, that court, in a well-considered opinion, holds like language imposed a charge upon the devise for the care of the designated person. Low v. Ramsey, 135 Ky. 333, 122 S. W. 167, 135 Am. St. Rep. 459, states such language created a lien upon the land. Although there are some apparently contrary holdings we conclude the foregoing construction is correct.

Nor do we agree with appellants' contention that the will creates merely a personal obligation upon them to take care of their sister. Most of the authorities cited by appellants are vendor's lien cases from other jurisdictions. They are not in point.

It may be fairly inferred from the record that the future care and support of the unfortunate daughter was of deep concern to testatrix; that testatrix knew appellants had no assets and, aside from the farm, might have none, which could be subjected thereto by legal process, and knew that Anna might outlive appellants. Under the circumstances, charging the farm with her care and support would be a natural means of insuring her future freedom from want.

In Henry v. Griffis, 89 Iowa 543, 544, 547, 56 N. W. 670, testator devised his real estate to his sons and gave a cash bequest to a daughter with the provision that if the personal estate was insufficient " 'to make the amount, the boys is to pay enough to make the amount.' " The decision holds this charged the land and that testator's estate "rather than the personal property of his devisees" should stand as security therefor. Likewise in Duden v. Duden, 191 Iowa 515, 518 et seq., 182 N. W. 795, 796, which discusses the foregoing and other decisions, a charge on land devised to a daughter was held created by a provision " 'but she shall pay to my wife * * *.' " To the same effect is Woodward v. Walling, 31 Iowa 533, supra. Vorse v. Vorse, 186 Iowa 1091, 1093, 171 N. W. 186, holds the devised property was charged by a provision: " 'And I desire that the taxes * * * and all the necessary repairs * * * be kept paid and a good and reasonable support to my wife so long as she remains my widow.' " See, also, Lacey v. Collins, 134 Iowa 583, 112 N. W. 101.

In Bank of Florence v. Gregg, 46 S. C. 169, 180, 182, 24 S. E. 64, 68, 69, the remainder of the estate was devised to a son Reese, "'and to his care the protection and support of my daughter, Catherine W. Gregg, during her natural life.'" In holding this charged the property the court said:

"And if the clause should be construed as creating merely a personal obligation, which Reese would be bound morally and not legally to perform, then upon his death such obligation would cease, and if his sister survived him, the provision for her support would become utterly nugatory."

Some other decisions involving provisions for support and holding the devised property was charged by similar language are: Porter v. Jackson, 95 Ind. 210, 48 Am. Rep. 704; Anderson v. Anderson, 147 Miss. 515, 112 So. 603; Moats v. Poling, 108 W. Va. 417, 151 S. E. 324; Shired v. Nesbit, 90 S. C. 20, 72 S. E. 545; Nusz v. Nusz, 155 Kan. 699, 127 P. 2d 441; Bell v. Watkins, 104 Ga. 345, 30 S. E. 756; Kinney v. Bounds, 46 Ohio App. 415, 189 N. E. 118. See, also, annotation in L. R. A. 1917A, 644.

It is our conclusion that under the proper construction of the will appellants were given the land subject to a valid charge thereon for the care of Anna Meckna in the event she should be unable to provide for herself. This was the only question submitted to the trial court. Other questions such as the performance by appellants of their obligation and the enforcement of the charge are here immaterial. Appellants' title is not merchantable.

II. Appellants complain that the court allowed a fee for the attorneys for the guardian ad litem. We do not understand there was an allowance in the ordinary sense of that word. The court merely found the attorneys were entitled to $475 but declined to order it taxed as costs in the case. We need not determine the effect of this finding.—Affirmed.

MULRONEY, C. J., and BLISS, HALE, GARFIELD, MANTZ, SMITH, and HAYS, JJ., concur.