ELAINE CAPPEL, appellant, v. IVAN CAPPEL, appellee.

No. 48163.

(Reported in 55 N.W.2d 481)

1364 

NOVEMBER 11, 1952.

W. N. Williams, of Clinton, and Robert R. Melrose, of Independence, for appellant.

Cherny & Cherny, of Independence, and Pike, Sias, Butler & Hoxie, of Waterloo, for appellee.

OLIVER, J.— The record on appeal does not comply with rule 340, Rules of Civil Procedure. It is in two parts: (1) Appellant's record, and (2) amendments thereto. Furthermore, the so-called amendments provide for the insertion of certain evidence at various lines on different pages of the typewritten abstract which was filed in the trial court. A typewritten abstract is not part of the record upon appeal, and this court is not informed at what places in the record the additional matter should be inserted. The Advisory Committee comment in Cook's Iowa Rules of Civil Procedure, Revised Edition, Volume 4, page 200, states:

"The rule [340], then, is a simple method of preparing a single, coherent, intelligible, easily used record of the case as tried. * * * An amendment simply added by appellee does not cure this and is unsatisfactory because it places the burden on the Supreme Court of trying to piece together the appellants' and appellees' versions of the record in order to ascertain what

the true record is. The rule provides for *one* 'Record' settled by the trial judge * * *."

Attention has been called to this procedure in McManis v. Keokuk Savings Bank & Trust Co., 239 Iowa 1105, 33 N.W.2d 410, and Pfeffer v. Finn, 239 Iowa 24, 30 N.W.2d 481. It should not be necessary to repeat it.

This appeal, submitted at the October 1952 period, was taken in March 1951. Although the record was not long, it was not filed until June 1952. This delay appears to have been due in part to the inability of the overworked court reporter to promptly prepare the transcript. However, we feel counsel for appellant could have prosecuted the appeal with more expedition.

Plaintiff was divorced from defendant March 7, 1936. The entry on the Buchanan District Court docket recites: "Default. Trial to Court. Decree of divorce in favor of plaintiff. Judgment and decree as to custody of child and support and alimony as per Stipulation." The stipulation provided that in the event plaintiff was granted a divorce:

1. The household goods were to be divided.

2. Plaintiff was to retain the custody of and care for, maintain and support their only child, Dorothy Jean Cappel. Defendant was given the privilege of visiting the child with the right to her temporary custody at such times as should be agreeable to both parents, when the child reached a suitable age.

3. Defendant should pay $2.00 per week for the use of plaintiff in the care, support and maintenance of the child; also $5.00 toward each radium treatment required by the child.

4. "The defendant shall pay the plaintiff the sum of twenty-five dollars ($25.00) in cash, and upon payment thereof, both parties mutually admit full settlement of all claims each has against the other, except as otherwise provided by this stipulation."

In April 1950, plaintiff made application to modify the decree, in two divisions. Division I asks that the support money for the minor child be increased. Division II asks that alimony to plaintiff be fixed and increased, alleging the payment of the $25 to her had never been made and the question of alimony is

still open. Upon motion of defendant Division II was stricken and dismissed by the court. February 15, 1951, after trial of Division I, the court ordered that defendant pay $780 per year for the use of plaintiff in the care, support, maintenance and education of Dorothy Jean. Plaintiff has appealed.

I. The order striking and dismissing Division II of plaintiff's application, which sought increased alimony payments, will be first considered. It was based upon the ground that the original decree adjudicated all questions of alimony and whether it be viewed as granting plaintiff no alimony or as granting her alimony in the lump sum of $25 it was not subject to modification as to alimony.

██ We hold the order was correct. The retained power of the court to modify provisions of divorce decrees concerning property and maintenance rests upon the statute, now section 598.14, Code of Iowa 1950, which authorizes subsequent changes in these respects when circumstances render them expedient. This power may not be invoked if the original decree made no provision for alimony or expressly denied the request for it. Pedersen v. Pedersen, 235 Iowa 708, 712, 17 N.W.2d 520; Spain v. Spain, 177 Iowa 249, 158 N.W. 529, L. R. A. 1917D 319, Ann. Cas. 1918E 1225; Duvall v. Duvall, 215 Iowa 24, 27, 244 N.W. 718, 83 A. L. R. 1242.

Nor does said section empower the court to modify a divorce decree in relation to property where alimony is allowed in a lump sum as permanent alimony or where there is a division of property as permanent alimony. Fitch v. Fitch, 229 Iowa 349, 294 N.W. 577. Andrews v. Andrews, 15 Iowa 423, 425, cited by plaintiff, is not in point upon this proposition. The order of the trial court striking and dismissing plaintiff's application for alimony is affirmed.

██ II. In March 1936, when the divorce was granted, defendant was about twenty-one years old. He had no property and was then unemployed. Previously he had been employed at $65 per month. After the divorce he operated an oil station in Independence for some years. He remarried in 1939 and at the time of the trial was living with his second wife and their three children.

He moved to Atlantic, Iowa, in 1945 and engaged in the farm implement business under the name of Cappel Implement Company. This business occupies a one-story hollow tile building 100x140 feet, owned by defendant. At the trial of this case, in January 1951, he testified he had accumulated $125,000, of which $32,000 was in cash. For 1948 his net income above taxes was $29,000, for 1949 it was $24,000, for 1950 more than $15,000. Since 1945 his business has been increasing until it totaled more than $250,000 per year.

In compliance with the divorce decree defendant paid plaintiff $2.00 per week to assist in the support of Dorothy Jean Cappel until 1946 when lawyers for the parties arranged to have the payments increased to $15 per month. Dorothy Jean was about two years old when her parents were divorced. Since then she has lived with plaintiff.

Plaintiff's assets consist of an apartment house in Clinton, Iowa, which she is buying on contract for $13,000, having borrowed $5000 from her father to make the first payment. She occupies one apartment and rents four units. The income from this house is about $140 to $150 per month, the operating expenses are about $100 per month and the payments on the contract are $100 per month. Plaintiff travels for an insurance company. Her gross earnings have been about $75 per week and her traveling expenses about $180 per month.

Dorothy Jean had been attending high school in Clinton. Plaintiff was unable to make satisfactory arrangements for her care at home and placed her in St. Katherine's, a boarding school in Davenport, Iowa. The tuition there, including board and room, is $1300 per year. Plaintiff testified her other annual expenses for Dorothy Jean were about $60 for uniforms, $75 for linens, $180 for personal allowance and $500 for clothing. Dorothy Jean's medical bills have not been large but her dental bills for the five years preceding the trial totaled $700 or $800. Plaintiff's earnings have not been sufficient to support herself and Dorothy and plaintiff has borrowed money from her father for that purpose. She testified she owed him $13,000.

The trial court adjudged the divorce decree should be modified to provide defendant should pay $780 per year ($65 per

month) for the use of plaintiff in the maintenance and education of Dorothy Jean during her minority, such modification to be effective as of September 1, 1950. Plaintiff contends the increase awarded was insufficient. Defendant states it was neither inadequate nor excessive.

Plaintiff has not the means or earning capacity to do much more than support herself. Dorothy Jean's support and education should not be conditioned upon the willingness of Dorothy Jean's grandfather to advance funds to plaintiff for that purpose. Defendant's net earnings, after payment of taxes, for the three-year period immediately preceding the trial were more than $68,000 and his net worth is about $125,000. Hence, he should bear the major part of the burden of supporting and educating Dorothy Jean. The cost of supporting and educating her is somewhat more than $2000 per year. This amount does not appear excessive for the support and education of a young woman whose father has the status of defendant. The expense of supporting a young child in defendant's home should not be the measure of his obligation to contribute to the support and education of a girl who has been attending preparatory school and who should be eligible for college in a few months. She should be maintained and educated in a manner commensurate with his means and station in life. We conclude defendant's payments for Dorothy Jean should be increased to $150 per month as of September 1, 1950.

The judgment of the trial court is modified to provide defendant shall, from and after September 1, 1950, and until Dorothy Jean Cappel attains her majority, either by marriage or by becoming twenty-one years of age, pay the sum of $150 per month for the use of plaintiff in the care, support, maintenance and education of such minor. Monthly payments maturing after this decision is filed shall be due on the first day of each month in advance. Back payments for each month from September 1, 1950 shall be due sixty days after this decision is filed. Payments shall be made through the office of the Clerk of Buchanan District Court. Defendant shall receive the credit allowed by the trial court for $60 heretofore paid for the last four months of 1950 under the former arrangement.

The costs upon appeal shall be taxed one fourth to plaintiff and three fourths to defendant.—Modified and affirmed.

MULRONEY, C. J., and BLISS, GARFIELD, WENNERSTRUM, SMITH, MANTZ, and HAYS, JJ., concur.

THOMPSON, J., specially concurs.

THOMPSON, J. (specially concurring)—I concur in the majority opinion except that I would fix the monthly payments at $100 instead of $150. The defendant-father should not be compelled to pay the cost of supporting his daughter and educating her in an expensive private school when good public schools are available. One hundred dollars per month should be adequate for all her reasonable needs, including the cost of education.